RAY v. ROBERTSON Et Al.

No. 3020

October 1, 1934.                                    36 P. (2d) 76.

*A. A. Hinman,* for Appellant:

*Roger Foley,* for Respondents:

## OPINION

By the Court, SANDERS, C. J.:

This action was brought to correct an alleged mutual mistake in the description of a certain lot or parcel of land described in an executory agreement for its purchase and sale, and to make the instrument conform to the intention of the parties. After a full hearing on the pleadings and the evidence, express findings were made in favor of the plaintiffs, upon which a decree awarding the relief prayed for was entered, and the defendant's motion for a new trial was denied. This appeal is from said decree and order denying a new trial.

The facts, in brief, are as follows:

In the month of February, 1931, Carl Ray was the owner of two contiguous acres of uninclosed and unimproved desert land, one designated throughout the record as the east lot, and the other designated as the

west lot, situate in Clark County, Nevada, on the state highway between Las Vegas and Boulder City, at a point known as Railroad Pass. On February 20, 1931, Carl Ray, as vendor, agreed to sell, and G. E. Gray, as vendee, agreed to buy from Carl Ray, the land described in their written contract, as follows: "Beginning at Corner No. 1, being the northeast corner of Yellow Rose Lode U. S. Survey No. 4518; whence the northwest corner of Section 2, Township 23 South, Range 63 East, bears N. 30° 18′ West 330.2 feet; thence N. 72° 35′ W. 200 feet along the northerly side line of said Yellow Rose Lode; thence S. 17° 25′ E. 218 feet to a point; thence S. 72° 35′ E. 200 feet; thence N. 17° 25′ E. 218 feet to Corner No. 1 of said Yellow Rose Lode, the point of beginning, and containing one (1) acre, excepting therefrom all mineral, lodes, ledges and deposits of precious metals."

The record discloses that prior to and subsequent to the execution and delivery of the agreement of purchase and sale, G. E. Gray, the vendee, entered upon the land designated as the west lot, and completed the erection thereon of an auto camp, at an expense of about $1,400. Afterward, to wit, on March 21, 1931, G. E. Gray died testate, leaving as his sole devisee Josephine Robertson, who, in August, 1931, as administratrix with the will annexed of the estate of G. E. Gray, and in her own right as sole devisee, commenced this action in the court below, praying that the executory contract of purchase and sale entered into between G. E. Gray, the deceased, and Carl Ray be reformed so as to describe the premises sold and intended to be sold, instead of and in the place of the description contained in said contract.

The substance of the complaint is that the misdescription of the property contained in the contract was attributable to the mutual mistake of the parties.

The trial court found that the contract did not truly or correctly describe the premises sold and intended to be described therein; that prior to his death G. E. Gray had paid to Carl Ray the sum of $500 on account

of the purchase price of the land intended to be purchased and sold for the expressed consideration of $2,000, and from that date until the time of his death G. E. Gray had made all of the payments and complied with all of the terms of his contract; that since the death of Gray all payments required by said contract and all of the conditions thereof had been met and fully complied with by the plaintiffs.

The trial court further found that upon discovery of the mistake in the description of the premises, on or about May 12, 1931, the plaintiffs demanded and requested the defendant to correct said mistake, and that Ray then and there expressed his willingness to correct the mistake when the administration of the estate had been completed, and that he would execute any instrument of conveyance whereby the mistaken description of the land intended to be purchased and sold might be corrected.

The court further found that the land described in the contract of purchase and sale was not suitable for the purposes for which it was purchased, in that it was rough, covered with cuts and ravines, and that the adjoining ground, upon which the auto camp was actually erected, was suitable for that purpose; that the buildings erected upon the adjoining ground were constructed with the knowledge of Carl Ray; and that it was the lot or parcel of land which the parties intended to be purchased and sold.

As conclusions of law from the findings, the contract of February 20, 1931, was reformed and corrected according to the real intent of the parties, so that the description therein should read as alleged in the complaint, correctly describing the land intended to be purchased and sold.

The appellant first complains that the court erred in overruling his demurrer to the plaintiff's amended complaint, in that the complaint was fatally defective in not negativing negligence on the part of the deceased, G. E. Gray.

The second assignment of error is that the court

erred in sustaining the plaintiff's demurrer to the defendant's answer.

The alleged defects in the pleadings may be disposed of upon the ground that under our statute the courts are admonished to disregard any error or defect in the pleadings which does not affect the substantial rights of the parties, and that no judgment shall be reversed or affected by reason of such error or defect. Section 124, civil practice act, section 8622, N. C. L.

1, 2. We do not consider that by the court's ruling upon the respective demurrers any substantial right of the appellant was affected. And under many decisions of this court it is held that after issue has been joined and decision rendered upon the merits it is the duty of this court to support the pleadings by every legal intendment, if there is nothing material in the record to prevent it.

The serious question in the case is as to whether the evidence is of that clear and convincing character as to prove the mistake to the entire satisfaction of the court, and not loose, equivocal, or contradictory, leaving the mistake of description open to doubt.

The testimony in the case was conflicting, but upon all material matters we are of the opinion that there was sustaining evidence in support of the trial court's findings and decree. It would serve no useful purpose for us to attempt to summarize the evidence or quote the testimony of the several witnesses.

In the case of Carey v. Clark, 40 Nev. 151, 161 P. 713, the appellant denied the material allegations of the complaint and, by way of cross-complaint, alleged mutual mistake in the description in a certain deed, and prayed for its reformation to comply with the agreement alleged in the answer. The court held that the burden was on the defendant to establish his contentions as to the description of the property intended to be conveyed, and that, as the evidence was conflicting, the court, upon the established principle of appellate procedure, could not disturb the lower court's findings where the evidence was simply conflicting and

where there was substantial evidence to support the decision.

The case of Wilson v. Wilson, 23 Nev. 267, 45 P. 1009, was a suit brought for the purpose of correcting a mistake in a deed. The court, in the course of its opinion, took occasion to say that in a case like the present, where one side claims that a mistake exists and the other denies it, it was the duty of the court to determine which contention was correct, and, by giving judgment in favor of the plaintiff, the presumption is that the issue was implicitly found in his favor. In that case it was said that where the parties had entered into a contract it is presumed to express their common intention and to speak their actual agreement; but if it be clearly shown that such is not the case, and that such written contract is untrue and misrepresents or misstates their real agreement and intention as made and understood by both parties, in some essential particular, then such contract is a mistaken one, and such mistake may be corrected in a court of equity, in respect to such particular error. Applying this statement to the present case, we note that the plaintiff, as a witness in her own behalf, testified as follows:

"Q. What was that conversation, please?" A. Mr. Gray said he probably ought to have the ground surveyed. Mr. Ray said 'You don't need to worry. You are on the right land,' and went on building the cabins.

"Q. Did Mr. Gray ever ask Mr. Carl Ray whether the buildings were on the right land? A. Yes sir.

"Q. What was that conversation in full? A. He wanted to know if he was on the right land, and Mr. Ray said, 'You don't need to worry. You are on the right land.'

"Q. Who wanted to know if he was on the right land? A. Mr. Gray.

"Q. At the time of the conversation was there any material on the ground? A. There was.

"Q. How much material? A. Enough for several houses."

The testimony of Josephine Robertson was flatly contradicted by a witness for the defendant, Minnie Spangler, who testified that she was present at the time and place as testified to by the plaintiff, and that she heard no such conversation.

3. The trial court, however, seems to have considered that the declarations and conduct of Carl Ray were admissible to show mistake, and that the physical conditions of the property were such as to indicate that the land described in the contract was not suitable for the purposes for which it was agreed to be purchased and sold, and that the fact that the purchaser, with the knowledge of the seller, entered upon the west lot of land and made improvements thereon, was evidence tending to show that the land described in the contract was not that intended to be purchased and sold.

We are of the opinion that the equity asserted by the plaintiffs in their amended complaint is sufficiently established by the evidence, and that the court correctly decided that the plaintiffs were entitled to the affirmative relief asked.

The judgment is affirmed.