W. LYNN ROBERTS, APPELLANT, v. FRED C. HUMMEL AND PEARL S. HUMMEL, HIS WIFE, AND LESLIE McKERNAN AND LAURA F. McKERNAN, HIS WIFE, RESPONDENTS.

No. 3689

April 29, 1952.                                    243 P.2d 248.

*Morley Griswold* and *George Vargas,* of Reno, and *James A. Callahan,* of Winnemucca, for Appellant.

*Howard E. Browne,* of Reno, for Respondents Fred C. Hummel and Pearl S. Hummel.

*Donald M. Leighton,* of Winnemucca, for Respondents Leslie McKernan and Laura McKernan.

## O P I N I O N

By the Court, EATHER, J. :

Appellant secured a written option to buy from respondents, Fred C. Hummel and Pearl S. Hummel, his wife, a ranch property in Nevada with personalty thereon. When he attempted to exercise the option, the Hummels declined to convey and he filed in the court below a complaint for specific performance. Later he amended the complaint to include Leslie McKernan and Laura F. McKernan, his wife, as parties defendant because they had alleged some rights in at least part of the property covered by the option. On demurrer, the court below declined to decree specific performance, on the ground of indefiniteness in the description of the property. Thereupon plaintiff filed, with leave of court, an amended complaint wherein he set forth an alleged true description of the property covered by the oral agreement of the parties and he averred that a somewhat different description had been inserted in the option because of mutual mistake, or possibly fraud on the part of the Hummels, thus resulting in a document which did not reflect the true agreement of the parties. He prayed that the instrument be reformed and, as so reformed, specifically enforced. When the lower court, again on demurrer, denied plaintiff the relief he sought, he filed this appeal.

The second amended complaint avers : That the parties to the option negotiated concerning the property at the home of the Hummels on the ranch and that plaintiff at that time prepared the option after a meeting of the minds of the parties concerning subject matter and terms; that plaintiff requested from the Hummels their deeds so he could insert descriptions in the option, that

the Hummels searched for the deeds but could not find them. The complaint also avers that the Hummels offered to plaintiff their tax statements and that the description in the written and executed option was prepared from those tax statements, in the belief by all persons present that such description comprised all the property which was the subject of the oral agreement that had been reached at the end of their negotiations, which property they knew and referred to as the "Trout Creek Ranch." Plaintiff avers that he relied upon those tax statements. The complaint alleges, in the alternative, that if the Hummels knew that the tax statements they tendered to plaintiff did not contain a full and correct description of the Trout Creek Ranch, the Hummels were guilty of fraud. Plaintiff sought reformation on the ground of mutual mistake, or fraud, so that the description would conform to a new description of the Trout Creek Ranch which plaintiff discovered later and which he then set forth in the complaint as the true description.

Respondents contend that the case is under the statute of frauds. In the case of Lane v. Neifert, 240 Mich. 475, 215 N.W. 302, 303, the court quoted from 34 Cyc. 927, the following as the rule:

"Where courts have full equity jurisdiction, the fact that a contract specified in the instrument to be reformed is within the statute of frauds is of itself no sufficient reason to refuse to reform when the parties thereto intended to comply with the requirements, but were prevented from so doing through fraud, accident, or mistake."

Then the court went on to state:

"* * * we can see no reason why a court of equity, empowered to reform a deed or mortgage, may not, under the proofs here presented, reform and grant specific performance of this contract. By so doing, we do not decree performance of an oral contract. The contract as made by the parties is in writing. As reformed it is

still a written contract, made so by the decree of the court."

That language has full application to the assertion of mutual mistake which appears in the complaint in the case at bar. Concerning the alternative allegation of fraud, this court has already expressed its attitude, in the case of Wainwright v. Dunseath, 46 Nev. 361, 211 P. 1104, 1106, where we said:

"Nothing is better settled than that the true construction of the statute of frauds does not exclude the enforcement of parol agreements respecting the sale of lands in cases of fraud; for, as it has been emphatically said, that would be to make a statute purposely made to prevent fraud, the veriest instrument of fraud; and the same rule governs in case of mistake as of fraud. * * *

"We are satisfied that the great weight of authority is in accord with our views, that the statute of frauds has no application in a case of this kind."

It cannot be questioned at this late day that a court with equity powers (the district courts of this state have such powers) may reform a written instrument where it appears that there has been fraud, accident or mistake which has brought about a writing not truly representing the actual agreement of the parties. 45 Am. Jur. 604; 53 C.J.S., Limitations of Actions, sec. 22, 958. This court has recognized the rule in Ray v. Robertson, 55 Nev. 397, 36 P.2d 76, where we said:

"The substance of the complaint is that the misdescription of the property contained in the contract was attributable to the mutual mistake of the parties. * * *

"* * * If it be clearly shown that * * * such written contract is untrue and misrepresents or misstates their real agreement and intention as made and understood by both parties, in some essential particular, then such contract is a mistaken one, and such mistake may be corrected in a court of equity, in respect to such particular error."

In the Wainwright case, supra, we said:

"Irrespective of the statute of frauds, courts of equity have the power to order the reformation of deeds, contracts and other instruments, when, through mistake of the parties thereto, or through the fraud of one of the parties, or unconscionable conduct amounting to fraud, such instrument does not contain the real terms of the contract between them. * * *"

Respondents argue that the description in the option is not sufficiently certain to permit specific performance. We are of opinion that the description in the option itself is adequate to identify what the parties were dealing with and it is such that a court could readily permit evidence to make the boundaries more definite and certain. A time-honored axiom of law, still very much enforced, states that whatever can be made certain, courts will consider to be certain; if it is possible to make a description certain by using the guideposts given in the writing, the court will construe the written instrument and the extrinsic evidence to be one instrument so as to effectuate the intention of the parties.

Here the contract bears the heading in the words: "Option for the Sale of the Trout Creek Ranch." It contains also these words: "Together with any other deeded land known to be a part of the Trout Creek Ranch located approximately 17 miles north of Jungo." It places the ranch in Humboldt County, Nevada. In our opinion, that is a sufficient reference to the subject matter of the agreement of the parties to enable it to be located and identified, and which will permit evidence of correct quantity and boundaries for the purpose of specific performance. We adhere to the rule stated in Merchant v. Marshfield Co., 95 Or. 439, 188 P. 174, 176:

"It is well settled by the authorities that if the parties who were conveying had known a particular tract by a name which they had adopted for that tract, a deed to the property by that name is a good description, and extraneous evidence may be invoked to show the fact

that they had so known and designated the property among themselves, and therefore that they intended to convey the property in question by that name.

"In Wharton on Evidence, Vol. 2, sec. 943, it is said: " 'So, again, to take a familiar illustration, if an estate be conveyed by the designation of Blackacre, parol evidence is receivable to show what property is known by that name.'

"In Baucum v. George, 65 Ala. 259, 267, the only description of the premises found in the deed was the 'Douglas gold mine,' and it was proposed by parol evidence to identify the lands in controversy as known by that designation. The court admitted the evidence. * * *" See also: Meir-Nandorf v. Milner, 34 Idaho 396, 201 P. 720; Thompson on Real Property, secs. 3290, 3294; Burns v. Witter, 56 Or. 368, 108 P. 129; Koch v. Streuter, 218 Ill. 546, 75 N.E. 1049, 2 L.R.A., N.S. 210.

In the Kock case, supra, the reference was:

"A certain fruit farm, known as the 'Ideal Fruit Farm' [owned by the appellee] and containing about 199½ acres, situated about one and a quarter miles northwest of West Salem, Edwards County, Illinois."

The court held that from the words used the description of the land could be made certain.

"Hollis v. Burgess, 37 Kan. 487, 15 P. 536, was a case where the contract consisted of a number of letters. The specific description of the property running through all these letters was given as the 'Snow Farm.' The court held that where the land sold was so described, and it appeared that it was commonly designated and known throughout the neighborhood where situated by such a name, extrinsic evidence was admissible to 'apply the description' to the land intended to be sold. It should not be overlooked, however, that all the letters in that case disclosed that the land was situated in Clay county, Kan., and that all the letters written by the owner of the land were written from Clay Center, Clay County, Kan. The county and state in which the property was

situated was therefore designated and established by the several communications constituting the contract. Oral evidence was therefore unnecessary to complete the description, but was rather necessary for the purpose of identifying and applying the description to the tract of land described by the writing." Allen v. Kitchen, 16 Idaho 133, 100 P. 1052, 1053, L.R.A.1917A, 563.

See also Dougherty v. Chesnutt, 86 Tenn. 1, 5 S.W. 444, where the supreme court of Tennessee held a lease valid where the property let was described as follows: "All right to quarry marble on the farm of Henderson Fudge, known as 'Rose Hill.' "

It seems that the alleged true description comprises more than is covered by the description contained in the option and which had been obtained from the tax statements, but we hold that such fact is not a bar to appellant's right to reformation. Wainwright v. Dunseath, supra. Respondents claim that a court should not reform an instrument and then order its specific performance. As an answer to that contention, we adopt the expression of the supreme court of Oregon in Chapman v. Milliken, 136 Wash. 74, 239 P. 4, 7:

"Under the modern reformed procedure it would be somewhat absurd to require the parties, first, to proceed in an action to have the contract reformed, to express the real intention of the parties, and then, in another action, sue to specifically enforce the same. There is no reason why it may not all be done in one action."

The case of DeRemer v. Anderson, 41 Nev. 287, 169 P. 737, 741, 25 A.L.R. 775, is cited as an authority which controls the case at bar favorably to respondents, but we are unable to view it that way. It is true that Chief Justice McCarran said in the opinion:

"Not for the purpose of furnishing or supplying a description is parol evidence admissible, but only to identify that which the agreement describes."

In that case a lessee had an option to buy a designated portion of leased premises and he attempted to

exercise the option for only a part thereof. The opinion of the court clearly shows that there was no identification in the lease for the small part so chosen by lessee and the court could not reform a description that did not exist. In the light of that fact, the quoted portion of the opinion is not in conflict with our present views. Any other decision than the one reached in that case would have resulted in making a description, not correcting or reforming one which the parties had made. In that case we said:

"* * * where there is a description of some sort, which * * * may be made intelligibly definite by evidence aliunde, parol evidence may be introduced to identify the land or premises in the contemplation of the makers of the instrument, * * *"

The opinion suggests that if the lessee had elected to take all the tract under option "a different question would be involved," and we think such a different question is present in the case now before us.

The case of Lane v. Neifert, 240 Mich. 475, 215 N.W. 302, is quite similar to the present one. Neifert agreed to sell a farm to Livernois and the latter assigned to plaintiff. An abstract furnished later disclosed that the description in the contract was incorrect. In affirming a decree directing reformation and specific performance, the court said:

"* * * The proof is clear that defendants intended to include in the contract the lands described in the abstract, which constituted a large farm on which they lived, the boundaries of which had been pointed out to plaintiff. The errors in the description occurred by defendant's reading them to Livernois, who prepared the first memorandum, from his tax receipts, and the descriptions in plaintiff's contract were taken from it. * * * the mistakes were therefore not in the identity of the property, but in the description of the parcels of which it was composed."

Respondents suggest that executory contracts are not

subject to reformation. In Ray v. Robertson, supra, we approved the reformation of an executory agreement and we see no reason for any distinction between executed and executory contracts.

The contract involved here refers to land and personal property. Although the general rule is that specific performance of personalty alone will not be decreed, yet if realty is involved and the equity court takes jurisdiction, the whole matter may be determined in one proceeding. In Taylor v. Highland Park Corporation, 210 S.C. 254, 42 S.E.2d 335, 337, the court said:

"A contract for sale of land may be reformed and ordered specifically performed in one action in equity. * * *

"Where part of an entire contract relates to ordinary personal property and the rest to a subject matter, such as land, over which equity jurisdiction is commonly exercised, specific performance may be had of the whole contract including the part that relates to personal property."

After the second amended complaint had been filed by appellant, the Hummels filed an answer which was ordered withdrawn to permit the filing of the demurrer. Appellant asks that we order the reinstatement of that answer. This, we feel, is a matter which properly should be left to the trial court.

The judgment of the lower court is reversed and the case is remanded with instructions to overrule the demurrers and for further proceedings not inconsistent with this opinion.

Appellant is allowed his costs.

BADT, C. J., and MERRILL, J., concur.