AARON BUTLER, Appellant, v. ELIJAH LOVOLL, VERSIE MAE LOVOLL, GERALD C. WHEELER, FRIEDA WHEELER and FRANCES O. WHEELER, aka DAN WHEELER, Respondents.

No. 11700

December 29, 1980                    620 P.2d 1251

*John E. Stone,* Las Vegas, for Appellant.

*Albright, McGimsey & Stoddard,* Las Vegas, for Respondents Elijah Lovoll and Versie Mae Lovoll.

*Wanderer & Wanderer,* Las Vegas, for Respondent Frances O. Wheeler, aka Dan Wheeler.

---

[6]There are twenty-three billboards in question.

## OPINION

By the Court, BATJER, J.:

On December 11, 1976, Aaron Butler and Frances Wheeler, aka Dan Wheeler, entered into an alleged agreement to lease with the option to buy property located at 1116 Miller Street, Las Vegas, Clark County, Nevada. There are two handwritten documents evidencing this agreement; one was written by Frances Wheeler (referred to as the "Wheeler version");[1]

[1]The Wheeler version, with spelling, punctuation and grammatical errors, appears to read as follows:

Miller & Concord

Aron Leases with Option to buy within
One yr. at $170.00 first and last Mo. due
this day 11th of Dec. If Some one wants
to by Cash Tenit will have first Chance to
buy at $10,00. All rent pd. Renter will keep up
place pd. $340.00 first and last mo
payment.

Lesses
Leasor Francis O. Wheeler

After one year Buyer will start pyt at
$170.00 with 8% int Buyer can pay more
than 170 per mo or more

    Aaron Butler
    6471546
    863 Bartlet

the other by Aaron Butler (referred to as the "Butler version").[2]

The two documents are in agreement as to a monthly payment of $170.00, first and last month's payment of $340.00 having been paid, that the tenant would have the first chance to buy the property, at a purchase price of $10,000 with 8% interest. The documents are ambiguous as to whether the option expires within one year or is exercised automatically after leasing for one year. The "Butler version" includes a provision that "All rent goes as a down payment". This provision is absent in the "Wheeler version". In July, 1977, appellant recorded the agreement with the Clark County Recorder's office.

Butler began making payments December 11, 1976, and continued making them each and every month until December, 1977, when he exercised his option to purchase. He then continued to make payments to Dan Wheeler, which were accepted through and including December, 1978.

At the time Butler and Dan Wheeler entered into the agreement, Dan's brother and sister-in-law, Gerald C. Wheeler and A. Frieda Wheeler, were record owners of the property. They contracted to sell the property in question to Elijah and Versie Mae Lovoll. The Lovolls' loan application was denied by the

---

[2]The Butler version, with spelling, punctuation and grammatical errors, appears to read as follows:

1117 Miller and Concord

Aaron Lease wif A

Option to By within
One year $170 Mo first
And Last Mo due this
day 11 of Dec if some
one wont to Buy
Cash tenent will have
first first Chance to Buy
$10,000 All rent gose
As a down payment
renter will keep up
Place Pade $340 first and
Last Payment
Leases Aaron Butler
Leasor Francis O. Wheeler
After one year Buyer will
start pyt $170 Mo with
8% int Buyer can pay more than $170 or more
Box 714 Logan DAle
nevada C 89021
3978463
D D Dan Wheeler

mortgage company because of Butler's lease option agreement. All of the respondents, except Dan Wheeler, brought an action for declaratory relief against Aaron Butler. Butler responded with a motion for a temporary restraining order and preliminary injunction but failed to file an answer. Default judgment was awarded respondents on March 11, 1977.

After the default judgment was filed, Gerald C. and A. Frieda Wheeler quitclaimed the property in question to Dan Wheeler on June 21, 1977. He sold the property to the Lovolls one week later. On August 9, 1977, Butler filed suit against all of the respondents. The default judgment dated June 21, 1977, was set aside on September 15, 1977.

Again, summary judgment was entered against Butler on November 17, 1978. He had not filed an opposition to the motion for summary judgment. His attorney had requested additional time to respond, but it was denied. On December 1, 1978, Butler filed a motion to set aside that summary judgment. Respondents opposed the motion, but on January 3, 1979, the trial court did set it aside. On the same day, respondents again moved for summary judgment, which was granted on the grounds "that the two handwritten documents, one of which was handwritten by Francis O. Wheeler, and the other of which was handwritten by Aaron Butler, on or about December 11, 1976 . . . are void and of no force or effect whatsoever, and create no estate, leasehold, option, contract to purchase, first right of refusal to purchase or other interest whatsoever in the real property. . . ."

Butler appeals from that summary judgment. He contends that the written memoranda satisfied the requirements of the statute of frauds NRS 111.205[3] and NRS 111.210[4] that the memoranda adequately describe the real property and that the terms of the memoranda are sufficiently definite and certain to create an interest in the real property and that the handwritten documents are properly "subscribed by the party by whom the lease or sale is to be made" or "by the agent of the party lawfully authorized". NRS 111.210.

---

[3]NRS 111.205(1) provides:

No estate or interest in lands, other than for leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall be created, granted, assigned, surrendered or declared after December 2, 1861, unless by act or operation of law, or by deed or conveyance, in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized in writing.

[4]NRS 111.210 provides:

1. Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void unless the contract, or

1. Two separate written documents may be construed together to determine if they meet the requirements of the statute of frauds. Separate writings may be sufficiently connected by internal evidence without any express words of reference of one to the other. The fact that they refer to the same transaction may appear from the character of the subject matter and nature of the terms.

In Bowker v. Goodwin, 7 Nev. 135 (1871), where two instruments were executed together as one transaction, this court held that they constituted but one instrument or contract, although written on different pieces of paper.

2. The memorandum written by respondent Dan Wheeler recites the property description as "Miller and Concord". The "Butler version" describes the property as "1117 Miller and Concord". Respondents contend their own description is inadequate and appellant's is erroneous and, therefore, the contract is unenforceable. We do not agree.

Construing both handwritten documents together, the property description is adequate to satisfy NRS 111.250 and NRS 111.210. Wainwright v. Dunseath, 46 Nev. 361, 211 P. 1104 (1923); Roberts v. Hummel, 69 Nev. 154, 160, 243 P.2d 248 (1952). In DeRemer v. Anderson, 41 Nev. 287, 294, 169 P.2d 737 (1918), this court wrote ". . . where there is a description of some sort, which . . . may be made intelligibly definite by evidence *aliunde,* parol evidence may be introduced to identify the land or premises in the contemplation of the makers of the instrument. . . ." *Cf.* Ray v. Robertson, 55 Nev. 397, 36 P.2d 76 (1934).

3. The handwritten agreements, when construed together, are not vague, indefinite and uncertain and they are sufficient to create an interest in the real property. The amounts due and the rate of payment are clear enough. Ambiguity of the writing and supplementary details of an agreement may be shown by parol evidence. Stanley v. Levy & Zentner Co., 60 Nev. 432, 446, 112 P.2d 1047 (1941). In Haspray v. Pasarelli, 79 Nev. 203, 208, 380 P.2d 919 (1963), where all of the essential terms of the oral agreement could be found in the two written documents, this court said "If they were intended by the parties to constitute

---

some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made.

2. Every instrument required to be subscribed by any person under subsection 1 may be subscribed by the agent of the party lawfully authorized.

one transaction appellants should have been permitted to present evidence to show this and also to explain the differences . . . and the fact that (it) is an unsigned document does not preclude the admission of parol evidence. . . ."

4. Butler's contention that the documents are "subscribed by the party by whom the lease or sale is to be made" is well taken. The "Wheeler version" is written totally in Dan Wheeler's handwriting. His signature is located in the middle of the body of the documents where it recites "Leasor Francis O. Wheeler". Aaron Butler signed at the bottom of the document.

In common law, it has been held that "subscribed" means signed without respect to whether the signature is at the bottom, in the middle, or at the beginning of the instrument. Roberts v. Phillips, 4 El. & Bl. 450, 30 Eng. Law & Eq. 147 (1855).

Here, these memoranda meet the statutory requirement that they be "subscribed". Radke v. Brenon, 134 N.W.2d 887 (Minn. 1965). California Canneries Co. v. Scatena, 49 P. 462 (Cal. 1897). *Cf.* J. D. Loizeaux Lumber Company v. Davis, 124 A.2d 593 (N.J. 1956).

There remain in this case genuine and material issues of fact to be resolved. This matter is reversed and remanded for further proceedings in the district court.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.