LINDA K. HAROMY AND FRANZ J. HAROMY, APPELLANTS AND CROSS-RESPONDENTS, *v.* SANDRA SAWYER, RESPONDENT AND CROSS-APPELLANT.

No. 12905

December 15, 1982                    654 P.2d 1022

*O'Brien & Avila,* and *Beckley, Singleton, DeLanoy & Jemison,* Las Vegas, for Appellants and Cross-Respondents.

*Clark & Zubel,* Las Vegas, for Respondent and Coss-Appellant.

## OPINION

*Per Curiam:*

On October 8, 1977, appellants Franz and Linda Haromy, owners of the Lake Apartments located in Las Vegas, Nevada, entered into a contract to sell the apartments to respondent, Sandra Sawyer.

Respondent agreed to pay $860,000 to appellants for the Lake Apartments. Pursuant to the terms of the contract, respondent was to provide $50,000 as a downpayment, make one monthly payment of $5,300, six monthly payments of $7,300, and a balloon payment of the balance owed on June 30, 1978.

Shortly after respondent took possession of the Lake Apartments, disputes arose between the parties. Respondent alleged the appellants had deceived her as to the true condition of the

property. Consequently, respondent refused to pay the November and December payments as required under the contract.

Respondent filed suit against appellants for fraud, deceit and an accounting. She also filed an amended complaint requesting equitable relief based on the theory of unjust enrichment. While awaiting trial, the parties entered into a stipulation which provided that respondent would make all payments required under the contract to an escrow agent appointed by the parties. The stipulation also provided that appellants were entitled to take possession of the apartment property if any payments were more than ten days past-due.

On June 30, 1978, respondent failed to make the final balloon payment. Both parties filed motions for injunctive relief on various theories. Thereafter, a hearing was held on the parties' cross-motions for preliminary injunctions. The district court granted appellants' motion for a preliminary injunction, and held they were entitled to possession of the property.

At trial, the court, sitting without a jury, found that respondent failed to prove her claim of fraud. Nonetheless, the court found that respondent was entitled to partial restitution under the theory of unjust enrichment, and awarded her $83,600.85.

Appellants challenge the judgment awarding respondent partial restitution, contending that the terms of the parties' agreement required all monies paid by respondent to be forfeited in the event of default.

Respondent cross-appeals, claiming she is entitled to a greater award of damages than calculated by the court.

The parties' contract of sale included the following liquidated damage clause:

> 12.   Should default be made by Buyer under any of the provisions hereof, the Sellers may declare this Contract void and the Premises, together with all improvements and furnishings, and all payments made and all considerations given under this Contract shall be forfeited to the Sellers as liquidated damages and the Sellers may declare the unpaid balance of this Contract due forthwith, and the Sellers may take possession of the Premises without notice, and remove thereform [sic] the Buyer or anyone claimed under her. Any occupancy of the Premises thereafter by the Buyer or her agents, with or without consent of the Sellers shall be deemed to be a tenancy at the will of the Sellers.

Generally, liquidated damage provisions are prima facie valid. Thus, the party challenging the provision must establish

that its application amounts to a penalty. Silver Dollar Club v. Cosgriff Neon, 80 Nev. 108, 389 P.2d 923 (1964); *see also* Freedman v. Rector, Etc., 230 P.2d 629 (Ca. 1951). In order to prove a liquidated damage clause constitutes a penalty, the challenging party must persuade the court that the liquidated damages are disproportionate to the actual damages sustained by the injured party. Silver Dollar Club v. Cosgriff Neon, 80 Nev. 108, 389 P.2d 923 (1964).

At trial respondent introduced evidence that she made partial payments of $120,100.85 and expenditures of $48,500.00 in permanent capital improvements while in possession of the property. It was also established that respondent significantly increased the rental income of the property while in her possession. Additionally, respondent presented the testimony of an expert witness who stated the property had a fair market value in excess of $900,000.00.

In contrast, the record reflects appellants failed to present any persuasive evidence to suggest they had sustained actual damages as a result of respondent's failure to perform the contract. Consequently, the district court found that the liquidated damage clause at issue constituted a penalty.

On this record, we cannot say the district court erred in finding the parties liquidated damage clause to be a penalty.

In support of her claim for restitution based on the theory of unjust enrichment, respondent relies on Kitchin v. Mori, 84 Nev. 181, 437 P.2d 865 (1968). In *Kitchin v. Mori,* we determined that a defaulting buyer may recover payments previously made by him, upon a showing that the payments exceed the amount of the seller's damage. We stated, "[e]ven a wilfully defaulting vendee may recover the excess of his part payments over the damges caused by his breach."

Here, the record establishes that respondent expended a total of $168,600.85 in partial performance of the contract. Additionally, respondent clearly established that appellants did not incur any actual damages as a result of her breach.

Accordingly, we conclude that the district court did not err in awarding respondent $83,600.85 in partial restitution based on the theory of unjust enrichment.

Finally, in her cross-appeal, respondent challenges the district court's computation of damages in awarding partial restitution.

In its findings of fact, the district court stated: "plaintiff is

entitled to partial restitution for her part payments in the amount of $120,100.85 plus capital improvements in the amount of $48,500.00 minus rents in the amount of $85,000.00 for a total of $83,600.85 in damages.''

Respondent complains that the court failed to credit her with $71,030.17 in expenses incurred to earn rental income, while in possession of the property. Certain witnesses testified to expenses allegedly incurred by respondent while she was in possession of the property at issue. Many of these alleged expenses were challenged by appellants as being unnecessary and unsupported by the facts. The court weighed the testimony of all the witnesses and chose to credit respondent with actual payments expended on the property, less income earned from said property. The trial court's findings will not be disturbed on appeal, where they are supported by substantial evidence. Franklin v. Bartsas Realty, Inc., 95 Nev. 559, 598 P.2d 1147 (1979).

Accordingly, we conclude respondent's cross-appeal is without merit and affirm the district court's judgment in its entirety.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[1] concur.