**Bruce Edward DEWING,**
**Plaintiff—Appellant,**

v.

**MTR GAMING GROUP, INC.,**
**Defendant—Appellee.**

No. 02–16425.
D.C. No. CV–01–00575–ECR/RAM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2003.

Decided Aug. 8, 2003.

Before D.W. NELSON, W. FLETCHER, Circuit Judges, and ALSUP,* District Judge.

* The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM**

Plaintiff Bruce Edward Dewing ("Dewing") brought this suit against defendant MTR Gaming Group, Inc. ("MTR") alleging breach of contract, breach of the duty of good faith and fair dealing, and intentional infliction of emotional distress. The district court granted MTR's motion to dismiss for failure to state a claim, holding that the parol evidence rule would prevent Dewing from proving that MTR had undertaken an obligation to register his stock options.

We review de novo the district court's dismissal. *Transmission Agency of Cal. v. Sierra Pac. Power Co.,* 295 F.3d 918, 927 (9th Cir.2002). Dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6) is proper only when the "plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Lewis v. Tel. Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996).

■ 1. We reverse the dismissal of Dewing's contract claims. The parol evidence rule prohibits the introduction of evidence of prior and contemporaneous oral agreements or negotiations that vary or contradict the terms of a written agreement. *See Kaldi v. Farmers Ins. Exch.,* 117 Nev. 273, 21 P.3d 16, 21–22 (2001). It does not prohibit the introduction of (1) evidence that supplements a written agreement, *e.g., Butler v. Lovoll,* 96 Nev. 931, 620 P.2d 1251, 1252 (1980); (2) evidence that establishes the existence of a separate oral agreement, *e.g., Kaldi,* 21 P.3d at 22; or (3) evidence of negotiations and/or modifications that take place after the parties enter the written agreement, *e.g., Silver Dollar Club v. Cosgriff Neon Co.,* 80 Nev. 108, 389 P.2d 923, 924 (1964). Relevant to this case, the parol evidence rule will not bar Dewing from introducing evidence

with respect to MTR's alleged promise to register his stock options.

Dewing alleged that prior to the execution of the Non–Qualified Stock Option Agreements (the "NQSOAs") that he executed, MTR repeatedly orally represented that it would register his stock options. The only mention of the registration of options in the text of the NQSOAs themselves is the sentence, "Nothing herein shall be construed as requiring the Company to register the shares subject to this Option under the Securities Act." Dewing's allegation that through its oral representations MTR had previously undertaken an obligation to register his options is not inconsistent with the "nothing herein" clause in the NQSOAs, for that clause applies only to what is in the NQSOAs themselves and does not purport to extinguish any duty to register that already had arisen. We note that the NQSOAs do not contain a merger clause.

Because the actual NQSOAs were not drawn up and executed until October 2000, after the parties entered into the earlier Agreement Terminating Employment (the "Agreement"), the as-yet-unwritten NQSOA mentioned in the Agreement was entirely capable of encompassing a prior oral promise to register the stock options. The Agreement described Dewing's two stock options in sufficiently general terms that MTR's alleged prior oral representations that the options would be registered were not inconsistent with that description. Nor was the specification in the Agreement that the options were "subject to the execution of a Non–Qualified Stock Option Agreement" inconsistent with an oral promise to register the options, because a NQSOA consistent with that promise could easily have been written. Because the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Agreement did not contain a merger clause, and because the alleged oral promise is not inconsistent with the Agreement's written terms, the parol evidence rule will not prevent Dewing from proving his claim that MTR had undertaken the obligation to register his options.

Taking the allegations in the light most favorable to Dewing, he has pled facts sufficient to sustain his claims for breach of contract and breach of the duty of good faith and fair dealing, and the parol evidence rule does not bar him from attempting to prove them.

■ 2. We affirm the dismissal of Dewing's claim of intentional infliction of emotional distress. In order to prevail on this claim, Dewing must show that (1) MTR's conduct was extreme and outrageous; (2) MTR acted with the intention to cause Dewing emotional distress or with reckless disregard for the probability of causing such distress; (3) Dewing actually suffered severe or extreme emotional distress; and (4) MTR's conduct actually or proximately caused Dewing's emotional distress. *Nelson v. City of Las Vegas*, 99 Nev. 548, 665 P.2d 1141, 1145 (1983); *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90, 91–92 (1981). Dewing cannot survive the Rule 12(b)(6) motion because he has insufficiently alleged both (1) extreme and outrageous conduct on the part of MTR and (2) that he suffered severe or extreme emotional distress.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

Appellant Dewing is awarded all costs on appeal.