129 Nev., Advance Opinion 57

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MUHAMMAD Q. KHAN, AN INDIVIDUAL; AND MAIMOONA Q. KHAN, AN INDIVIDUAL,<br>Appellants,<br>vs.<br>QADIR BAKHSH, AN INDIVIDUAL,<br>Respondent. | No. 60262<br><br>**FILED**<br><br>AUG 0 1 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

Appeal from a district court judgment after a bench trial in a contract and tort action. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

*Reversed and remanded with instructions.*

Michael H. Singer, Ltd., and Michael H. Singer, Las Vegas,
for Appellants.

Agwara & Associates and Liborius I. Agwara and George A. Maglares, Las Vegas,
for Respondent.

---

BEFORE HARDESTY, PARRAGUIRRE and CHERRY, JJ.

*OPINION*

By the Court, CHERRY, J.:

At the bench trial in this case, Muhammad Q. and Maimoona Q. Khan presented evidence of an allegedly written, but lost or destroyed, agreement between the Khans and Qadir Bakhsh to purchase a certain restaurant and land from Bakhsh. The district court excluded this

13-22596

evidence under the statute of frauds because the Khans failed to produce the written agreement. The question in dispute is whether the district court erred when it applied the statute of frauds to preclude consideration of the Khans' evidence regarding the existence and terms of the allegedly lost or destroyed written agreement. We conclude that the statute of frauds does not apply to a writing that is subsequently lost or destroyed, and oral evidence is admissible to prove the existence and terms of that lost or destroyed writing. Thus, we reverse the district court's order and remand this matter to the district court for further proceedings.

*FACTS*

Respondent Qadir Bakhsh owned a restaurant and the real property on which it was located, which appellants Muhammad Q. and Maimoona Q. Khan agreed to purchase. The parties' first buy-and-sell agreement provided that the Khans would purchase the property for $600,000 by paying off Bakhsh's outstanding first and second mortgages. Both parties agreed that subsequent second and third agreements existed, and the third agreement set a purchase price of $990,000, wherein the Khans would pay off the $600,000 outstanding first and second mortgages and execute a $390,000 promissory note in favor of Bakhsh. This third agreement and promissory note proceeded through escrow and, according to Bakhsh, was the operative agreement between the parties. The Khans never made any payments on the $390,000 promissory note, and Bakhsh eventually initiated the underlying suit against the Khans to recover the principal and unpaid interest.

At the bench trial, the Khans presented evidence that a fourth agreement existed, which again set the purchase price for the property at $600,000. According to the Khans, the only executed copy of this agreement was given to a third party, Tahir Abbas Shah, for safekeeping. After relations between Bakhsh and the Khans deteriorated, Bakhsh's brother allegedly stole the signed copy of the fourth agreement from Shah. Shah testified that when he confronted Bakhsh about the stolen fourth agreement, Bakhsh initially agreed to return it, but never did so.

Bakhsh contended that the fourth agreement never existed, and that the third agreement and the promissory note, under which the purchase proceeded through escrow, contained the agreed-upon purchase price and terms of the sale. The Khans maintained that the fourth agreement, while stolen and allegedly destroyed by Bakhsh or his brother, was the actual agreement between the parties, or alternatively that the third agreement was fraudulently induced.

In its order after the bench trial, the district court refused to consider most of the evidence that the Khans presented. The court found that the Khans' evidence of the destroyed fourth agreement was barred by the statute of frauds because it was an "unwritten" agreement for the purchase of property. The district court also found that Muhammad Khan's testimony about terms that differed from the terms of the third agreement was barred by the parol evidence rule. After declining to consider this evidence, the district court found that the Khans breached the third agreement and entered judgment in favor of Bakhsh. The district court awarded Bakhsh monetary damages of $390,000 plus interest for the Khans' failure to pay the $390,000 promissory note, $20,000 for Bakhsh's remaining interest in the restaurant, $585,000 in

liquidated damages pursuant to a provision in the third agreement, and $1,359.77 in costs. The Khans appealed.

## DISCUSSION

We begin our review of the issues presented in this appeal by examining the district court's application of the statute of frauds and the parol evidence rule, before addressing the damages award.

*Application of evidentiary rules*

### *Statute of frauds*

The Khans argue that the district court erred when it applied the statute of frauds to bar their evidence of a fourth written contract that they alleged was later stolen and destroyed. We agree with the Khans that the statute of frauds does not bar oral evidence of such a contract.

Nevada's statute of frauds provides that every contract for the sale of land is void unless the contract is in writing, and thus, oral agreements to convey real property cannot be enforced. NRS 111.205(1); *see also Butler v. Lovoll*, 96 Nev. 931, 934-35, 620 P.2d 1251, 1253 (1980). Because the Khans did not present a writing evidencing the fourth agreement, the district court deemed it an "unwritten" agreement and applied the statute of frauds to bar the Khans' evidence of the fourth agreement. But the Khans did not allege that the fourth agreement was oral or unwritten. Instead, they presented testimony, from themselves and Shah, and documentary evidence regarding the existence and terms of a fourth *written* agreement, which was allegedly subsequently lost or destroyed by Bakhsh. Because this evidence pertained to the existence and terms of an allegedly *written* agreement, the statute of frauds is satisfied and this evidence is admissible. *See Lutz v. Gatlin*, 590 P.2d 359, 361 (Wash. Ct. App. 1979).

The admissibility of evidence concerning a written agreement is not affected by the subsequent loss or destruction of such an agreement. Its loss or destruction does not render it "unwritten" and the evidence of its existence and terms barred by the statute of frauds. *Id.* Indeed, when one party allegedly stole or destroyed the agreement, as the Khans allege Bakhsh did here, that party may not use the statute of frauds to sanction his obliteration of the agreement to the detriment of the other party. *See Baker v. Mohr*, 826 P.2d 111, 113 (Or. Ct. App. 1992). Thus, in this case, the district court erred when it found that the statute of frauds barred the Khans' evidence of the existence and terms of the alleged fourth written agreement. *Edwards Indus., Inc. v. DTE/BTE, Inc.*, 112 Nev. 1025, 1033, 923 P.2d 569, 574 (1996) (stating that the district court's application of the statute of frauds is a question of law, which this court reviews de novo). Accordingly, the Khans were entitled to present parol or other evidence to prove the existence and contents of the allegedly lost or destroyed fourth agreement. *Joseph E. Seagram & Sons, Inc. v. Shaffer*, 310 F.2d 668, 674-75 (10th Cir. 1962); *Mark Keshishian & Sons, Inc. v. Wash. Square, Inc.*, 414 A.2d 834, 840 (D.C. Ct. App. 1980). We therefore reverse that portion of the district court's judgment.

*Parol evidence*

The Khans also argue that the district court abused its discretion by applying the parol evidence rule to bar Muhammad Khan's and Shah's testimony regarding terms contrary to the third agreement to show that the third agreement was induced by fraud. The parol evidence rule generally bars extrinsic evidence regarding prior or contemporaneous agreements that are contrary to the terms of an integrated contract. *Crow-Spieker No. 23 v. Robinson*, 97 Nev. 302, 305, 629 P.2d 1198, 1199 (1981). Extrinsic or oral evidence, however, is admissible to prove fraud in

the inducement of an agreement, *Golden Press, Inc. v. Pac. Freeport Warehouse Co.*, 97 Nev. 163, 164, 625 P.2d 578, 578 (1981), to establish a subsequent alteration of an agreement, *M.C. Multi-Family Dev. v. Crestdale Assocs. Ltd.*, 124 Nev. 901, 914, 193 P.3d 536, 545 (2008), or to prove the existence and terms of a written, but lost or destroyed, agreement. *See, e.g., Joseph E. Seagram & Sons*, 310 F.2d at 674-75. Thus, the district court's application of the parol evidence rule to exclude testimony that was inconsistent with the terms of the third agreement, but that was offered as evidence that the third agreement was procured by fraud or that the subsequent fourth agreement was reached and memorialized in writing, but later lost or destroyed, was an abuse of discretion. *M.C. Multi-Family Dev.*, 124 Nev. at 913-14, 193 P.3d at 544-45 (providing that the district court's application of the parol evidence rule is reviewed for an abuse of discretion). We therefore reverse the district court's order to the extent that it excluded this evidence. Because we address only the district court's error in excluding admissible evidence, on remand, the district court should independently weigh the admissible evidence and enter a new judgment accordingly.

*Liquidated damages*

While we reverse and remand this case based upon the evidentiary errors, we also address the Khans' argument that the district court improperly awarded liquidated damages to Bakhsh because the liquidated damages provision was a penalty. "[L]iquidated damage provisions are prima facie valid," *Haromy v. Sawyer*, 98 Nev. 544, 546, 654 P.2d 1022, 1023 (1982), and serve as a good-faith effort to fix the amount of damages when contractual damages are uncertain or immeasurable.

*Joseph F. Sanson Inv. Co. v. 268 Ltd.*, 106 Nev. 429, 435, 795 P.2d 493, 496-97 (1990).

In this case, the liquidated damages provision in the third agreement required the breaching party to pay additional damages of "150% of actual damages." Thus, by its very terms, this liquidated damages clause requires ascertaining actual damages and imposes additional damages as a penalty for breach. Such a penalty for breach of an agreement is an unenforceable penalty. *See Mason v. Fakhimi*, 109 Nev. 1153, 1156-57, 865 P.2d 333, 335 (1993); *Joseph F. Sanson Inv. Co.*, 106 Nev. at 435, 795 P.2d at 497. Applying the de novo review appropriate to liquidated damages awards, *Dynalectric Co. of Nev., Inc. v. Clark & Sullivan Constructors, Inc.*, 127 Nev. ___, ___, 255 P.3d 286, 288 (2011), we conclude that the district court erred in awarding liquidated damages to Bakhsh because actual damages were ascertainable and the provision here operated as a penalty. *Am. Fire & Safety, Inc. v. City of N. Las Vegas*, 109 Nev. 357, 359-60, 849 P.2d 352, 354 (1993) (providing that the interpretation of contractual provisions, including liquidated damages, are reviewed de novo unless the interpretation turns on the credibility of extrinsic evidence). We therefore reverse this determination.

## CONCLUSION

The district court incorrectly applied the statute of frauds to exclude evidence concerning the existence and terms of a fourth written, but allegedly lost or destroyed, agreement. Likewise, it improperly excluded evidence concerning whether the third agreement was induced by fraud or modified by a subsequent agreement because the parol evidence rule does not preclude such evidence. In addition, because actual damages were ascertainable and the liquidated damages provision operated as a penalty, the district court erred by awarding liquidated

damages. For these reasons, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

_____, J.
Cherry

We concur:

_____, J.
Hardesty

_____, J.
Parraguirre

SUPREME COURT
OF
NEVADA

(O) 1947A