# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN CHRISTOPHER STUHMER,
INDIVIDUALLY AND AS TRUSTEE OF
THE STUHMER FAMILY TRUST AND
THE JCS FAMILY #1 TRUST,
Appellant,
vs.
TALMER WEST BANK, A MICHIGAN
CORPORATION, D/B/A BANK OF LAS
VEGAS,
Respondent.

No. 68722

**FILED**

OCT 30 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court summary judgment in a commercial contract action. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Having considered the parties' arguments and the record, we conclude that the district court properly entered summary judgment in respondent's favor and properly denied appellant's motion to continue discovery. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005); *see* NRCP 56(f).

Appellant did not point to any disputed facts material to respondent's claims for breach of contract and guaranty. To the contrary, it is undisputed that he, either in his individual capacity or as trustee for the trusts guarantying the loan, defaulted on the note, guaranty, and forbearance agreement, and that the unpaid balance on the loan, plus interest and late fees, was as reflected in the judgment. *Wood*, 121 Nev. at 729, 121 P.3d at 1029 (recognizing that summary judgment is appropriate when the pleadings and other evidence demonstrate that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law); *see Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006) (noting that to establish breach of contract liability, a

17-37132

plaintiff must show "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach").

Appellant contends that the district court abused its discretion by denying his request to continue discovery in light of the parties' ongoing settlement efforts. We disagree. The party seeking a discovery continuance under NRCP 56(f), must express "how further discovery will lead to the creation of a genuine issue of material fact," which, as explained below, appellant failed to do.[1] *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 669, 262 P.3d 705, 714 (2011) (quoting *Aviation Ventures, Inc. v. Joan Morris, Inc.*, 121 Nev. 113, 118, 110 P.3d 59, 62 (2005)); *see Wood*, 121 Nev. at 731, 121 P.3d at 1031 (noting that "[t]he substantive law controls which factual disputes are material" and that a "factual dispute is genuine when the evidence is such that a rational trier of fact could return a verdict for the nonmoving party").

We are not persuaded by appellant's argument that discovery was needed to determine how respondent acquired the loan documents in order to prove that respondent was not entitled to collect on the loan for lack of holder-in-due-course status, or because of any action by respondent. *See* NRS 104.3203(2). We likewise are not persuaded by appellant's argument

---

[1]Over one year after the complaint was filed, the parties agreed to extend the discovery deadline several months, to January 13, 2015, and they later agreed to postpone the hearing on respondent's interim summary judgment motion several times in light of ongoing settlement negotiations, during which time appellant did not request any discovery or seek an additional extension by stipulation or order before the extended deadline expired. Although the district court did not find that appellant lacked diligence and appellant asserts that the lack of discovery was intended to minimize litigation costs that would be unnecessarily incurred if the case settled, an exchange of some written discovery and taking depositions typically contributes to meaningful and fair settlement negotiations.

Supreme Court
OF
Nevada

(O) 1947A

2

that the waiver and consent provisions in the guaranty agreements are unenforceable under suretyship law or on unconscionability grounds. Appellant did not allege unequal bargaining power, those provisions were clearly identified by headings, and appellant, in his capacity as trustee for guarantors, signed the guaranty agreements acknowledging their significance and consequences and reaffirmed the same in the forbearance agreement. *See D.R. Horton, Inc. v. Green*, 120 Nev. 549, 554, 96 P.3d 1159, 1162-63 (2004); Restatement (Third) of Suretyship and Guaranty § 48(1) (1996) (providing that secondary obligor may expressly waive defenses based on suretyship). The 2005 guaranty agreements were continuous until revoked in writing, and nothing in the 2006 loan documents required "newly" executed guaranty agreements. Finally, although appellant argues that discovery may have revealed that his relationship with the original lender was unwritten consideration for the loan, that argument fails under the unambiguous terms of the loan documents, and appellant has not otherwise identified any facts material to respondent's breach claims or to damages being assessed based on the unpaid loan balance. *Khan v. Bakhsh*, 129 Nev. 554, 558, 306 P.3d 411, 413 (2013) ("The parol evidence rule generally bars extrinsic evidence regarding prior or contemporaneous agreements that are contrary to the terms of an integrated contract."); *Charleston Hill Nat'l Mines, Inc. v. Clough*, 79 Nev. 182, 186, 380 P.2d 458, 460 (1963) (stating that where the true consideration is stated in the note, parol evidence of an alternate form of consideration would be inadmissible). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

3

cc: Hon. Kathleen E. Delaney, District Judge
Michael H. Singer, Settlement Judge
The Hayes Law Firm
Holland & Hart LLP/Las Vegas
Lovelock Hill, PLLC
Eighth District Court Clerk

GIBBONS, J., dissenting:

The district court abused its discretion by not granting respondent's request for additional time for discovery pursuant to Rule 56(f) of the Nevada Rules of Civil Procedure. As the majority acknowledges, the parties stipulated to defer discovery for a period of time to conduct settlement negotiations. When this stipulation expired, the parties continued to work toward settlement, as acknowledged in their subsequent stipulation to continue the hearing on respondent's earlier-filed motion for summary judgment. When settlement negotiations halted, respondent immediately renoticed its motion for summary judgement without giving appellant any time to conduct discovery. Appellant opposed the motion, pointing out the complex factual background leading to the multiple loan transactions with millions of dollars in dispute, and counsel for appellant filed an appropriate affidavit pursuant to NRCP 56(f), setting forth a number of reasons why additional time was needed to conduct discovery. *See Choy v. Ameristar Casinos, Inc.*, 127 Nev. 870, 872, 265 P.3d 698, 700 (2011) (observing that an NRCP 56(f) affidavit must set forth a reasonable basis to support that a discovery continuance would reveal evidence relevant to triable issues of fact). As this affidavit raised multiple issues warranting a brief period of time to complete the discovery. I respectfully dissent.

_____, J.
Gibbons