ALFRED R. CHILD, HELEN S. CHILD, AND ALKO-DOMO CORPORATION, A NEW YORK CORPORATION, APPELLANTS, v. GEORGE MILLER, INC., A CALIFORNIA CORPORATION, RESPONDENT.

No. 4069

June 30, 1958.                                327 P.2d 342.

*Harry E. Claiborne,* of Las Vegas, for Appellants.

*Morton Galane,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

This matter is before us upon appeal from judgment and also upon a motion by appellant for order of this court remanding the case for further consideration by the trial court.

### ON MOTION TO REMAND

This motion is made under Rule 60 (b) NRCP which provides for the circumstances under which the trial court may relieve a party from final judgment. The ground of the motion is that certain evidence, newly discovered by appellant, bears upon the issues and dispute below and was discovered after this appeal had been taken, thus requiring a remand by this court before

consideration by the trial court can be had under Rule 60(b).

■

Newly discovered evidence is a ground for a motion for new trial under Rule 59(a), but is not a ground for relief from judgment under Rule 60(b). In this respect our rule differs from the corresponding Federal Rule 60(b), 28 U.S.C.A., which allows relief from judgment upon the ground of newly discovered evidence, not discovered in time to move for a new trial. This departure from the federal rules was intentionally made in order to preserve the practice theretofore established under the Civil Practice Act. See Advisory Committee notes to NRCP 60(b).

The motion to remand is denied.

## APPEAL FROM JUDGMENT

This action was brought by respondent as plaintiff below to recover the balance due for a sale of carpets by respondent to appellants as operators of a motel in Las Vegas known as the Montmartre Motel. Judgment was rendered by the trial court in favor of respondent in the sum of $6,646.15.

Appellants' contention throughout has been that they are not liable for this debt; that by agreement between appellants and the operators of an adjoining resort hotel, the Moulin Rouge, the latter had accepted responsibility for the debt. The Moulin Rouge has since gone into bankruptcy. Respondent contends that regardless of the arrangements between appellants and the Moulin Rouge, respondent has always looked to the appellants upon this obligation and has never released them from their obligation and has never accepted the Moulin Rouge as obligor in their stead. Judgment of the court below was based upon its determination in support of respondent's contention.

Testimony introduced by respondent in trial below is to the effect that the total obligation originally was in the sum of $17,121.30; that appellants had paid the sum of $10,475.45 with a notation on the face of the check

■

that it was payment in full of their obligation and had requested a release contending that respondent must look to the Moulin Rouge for the balance; that respondent had refused to execute the release or to accept the obligation of the Moulin Rouge in lieu of that of the appellants and had insisted that the notation on the face of the check be stricken out, which was done; that subsequently the appellants had delivered to respondent a check drawn by the Moulin Rouge for the balance due, which respondent had accepted; that appellants had again requested that a release be given, which respondent had declined to give until the check had cleared; that appellants had continued to press for a release and had assured respondent that if the check did not clear appellants would take care of the balance; that relying upon this assurance, respondent signed the release; that the check was dishonored by the bank upon which it was drawn and that respondent has never received the balance due.

This testimony provides ample support for the determination of the court below that respondent had not released appellants from their obligation and that that obligation remained due and owing.

Appellants contend that this testimony was inadmissible for the reason that it serves to vary the terms of a written instrument (the release) contrary to the parol evidence rule.

It is well recognized, however, that the parol evidence rule does not apply to a mere receipt. See 20 Am.Jur. 971 (Evidence, sec. 1109). Appellants contend that this is more than a mere receipt; that it is a contractual release. Even should this be so, delivery of the release and its taking effect were clearly conditional upon the check of Moulin Rouge clearing the bank. Accepting the testimony to which we have referred, it was the understanding of the parties that the instrument signed would

not release appellants from their obligation unless the check cleared. Parol evidence is admissible to show conditions precedent which relate to the delivery or taking effect of an instrument. Such evidence does not constitute an oral contradiction or variation of the written instrument but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed. See 32 C.J.S., Evidence, Sec. 935, p. 857. In Western National Ins. Co. v. Trent, 69 Nev. 239, 243, 247 P.2d 208, 210, this court stated: "Plaintiff contends that no accord and satisfaction ever existed. His testimony tends to negative the very existence of such a contract rather than to vary its terms. It is well recognized that parol testimony is admissible for such a purpose, for the parol evidence rule presupposes a valid and binding agreement."

In the case before us, therefore, the testimony did not serve to vary or contradict the terms of the release but served to show that the release never came into existence through failure of the conditions precedent relating to its delivery and taking effect.

Affirmed.

BADT, C. J., and MERRILL, J., concur.