## MYRON WIDETT, Appellant, *v.* BOND ESTATE, INC., a Corporation, aka Bond Estates, Inc., and BENJAMIN JAFFE, Respondents.

No. 4514

May 31, 1963

382 P.2d 212

*Gregory & Gregory,* of Las Vegas, for Appellant.

*Jones, Wiener & Jones,* of Las Vegas, for Respondents.

# OPINION

By the Court, THOMPSON, J.:

Widett commenced suit against Bond Estate, Inc., a corporation, and Jaffe, its sole stockholder, to recover a commission claimed to be due for services in procuring financing for purchases of equipment for the Tropicana Hotel at Las Vegas. He claims to have secured commitments totaling $1,800,000 ($1,200,000 from St. Paul Fire and Marine Insurance Company, and $600,000 from the Bank of Las Vegas) as required by a written agreement with Jaffe dated February 19, 1955. The trial court found that the commitments procured did not meet the terms of the written agreement, and entered judgment for the defendants. Widett appeals.

*(1) The St. Paul commitment.* Through Widett's efforts a commitment was obtained from St. Paul to advance Bond Estate, Inc. and Jaffe $1,200,000. Bonds were to be issued by Bond Estate, Inc., and Jaffe, as principals, and St. Paul as surety, in favor of the equipment sellers as obligees. The obligation of St. Paul, as surety, was to indemnify the obligees, should Bond Estate, Inc. and Jaffe, or either of them, fail to make the payments due upon the equipment purchase contracts. In addition, however, the terms of the commitment required that Guaranty Reserve Life Insurance Company of Hammond, Indiana, guarantee the performance of Bond Estate, Inc. and Jaffe, as principals upon the mentioned bonds. This additional requirement caused the trial court to conclude that the St. Paul commitment did not meet the terms of the written agreement of February 19, 1955. Its conclusion in this regard is the basis for Widett's claim of error.

We believe the trial court's conclusion was justified. The final written agreement of February 19, 1955 did not provide that Guaranty Reserve Life Insurance Company was to guarantee the performance of Jaffe and Bond Estate, Inc., as a condition of St. Paul's participation in the financing program. Yet the commitment for participation up to $1,200,000, subsequently given by St. Paul, specifically required such guaranty. Because of such requirement, Jaffe and Bond Estate, Inc. refused to consummate the proposed arrangement.[1] Though previous conduct of Jaffe in dealing with Widett may have caused the latter to conclude that Guaranty Reserve Life Insurance Company would be willing to guarantee Jaffe's performance, such a guaranty was not provided for in the final written agreement. As the evidence may reasonably be viewed to disclose the parties' intention that there would be no enforcible contract until a written agreement was finally signed (Dolge v. Masek, 70 Nev. 314, 268 P.2d 919), their rights and duties are fixed by the final written agreement. Their preceding negotiations, in legal contemplation, became merged therein (Gage v. Phillips, 21 Nev. 150, 26 P. 60; Chiquita Mining Co. v. Fairbanks, Morse & Co., 60 Nev. 142, 104 P.2d 191; Tallman v. First National Bank, 66 Nev. 248, 208 P.2d 302), absent allegation and proof of fraud or mistake. In such circumstances the trial court could properly decide that Widett had failed to secure a commitment from St. Paul which fulfilled his obligation

---

[1]Before consummating the final agreement of February 19, 1955, Widett had secured St. Paul's commitment to participate up to $1,000,000 if Jaffe, Bond Estate, Inc. and Conquistador Corp. (proposed lessee of the Tropicana) would execute bonds as principals. Conquistador refused and the commitment fell through. The agreement of February 19, 1955 upon which this case was brought, incorporated in large part all terms of the prior commitment, but specifically required Conquistador Corp. to be omitted as a principal on the bonds to be issued. Conquistador Corp. was omitted. However, the second commitment of St. Paul required that Guaranty Reserve Life Insurance Company guarantee the performance of Jaffe and Bond Estate, Inc. Such requirement was not contained in either the first commitment nor the agreement of Feb. 19, 1955.

under the written agreement upon which this suit for a commission rests.[2]

*(2) Bank of Las Vegas commitment.* Widett also insists that error occurred when the trial court refused to award him a commission for securing the commitment of the Bank of Las Vegas to loan Jaffe and Bond Estate, Inc. $600,000. The written agreement upon which he predicates his right to relief required that the Bank of Las Vegas conclude the loan to Jaffe and Bond Estate, Inc. before a commission would be due. The loan was not made. Because of this fact, the lower court denied relief. We find no error in this ruling.

Affirmed.

BADT, C. J., and MCNAMEE, J., concur.

---

[2]Widett was paid $12,700 for services rendered Jaffe and Bond Estate, Inc., up to consummation of the final agreement of February 19, 1955.