ERNEST J. HORTON, APPELLANT, *v.* D. I. OPERATING CO., A NEVADA CORPORATION; AND BOYD SCOTT, RESPONDENTS.

No. 5538

December 9, 1968                                   448 P.2d 36

*Jack J. Pursel,* of Las Vegas, for Appellant.

*Bell & Morris,* of Las Vegas, for Respondent D. I. Operating Co.

*Deaner, Butler & Adamson,* of Las Vegas, for Respondent Boyd Scott.

## OPINION

By the Court, MOWBRAY, J.:

Ernest J. Horton brought a civil action against Boyd Scott, alleging assault. The D. I. Operating Co., Scott's employer, was named as a codefendant. The case, which was tried before a jury, resulted in verdicts in favor of both defendants. Horton filed two motions for a new trial, one of which was timely. The trial judge denied both motions, and thus this appeal.

The first motion was predicated upon (1) irregularity in the proceedings of the jury, (2) misconduct of the jury, and (3) the court's failure to instruct the jury properly.

1.  Appellant urges that the conduct of the bailiff caused the irregularities in the jury proceedings. The case went to the jury at 2:45 p.m. The bailiff inquired of the jury at approximately 10:30 p.m. whether the jury had reached a verdict. Upon being advised they had not, the bailiff stated that he would make arrangements for the jury to retire to their quarters for an overnight stay. Shortly thereafter, a verdict was reached.

While the bailiff's remarks were improper, there is nothing in the record to show they coerced the jury into arriving at a verdict. As the court said in Williams v. Yellow Cab Co., 136 N.E.2d 582, 585 (Ill.App. 1956): "It appears from the testimony of the bailiffs in charge of the jury that in response to questions from the jury as to how long they were to stay, a bailiff told them they were to stay until they reached a verdict, and later, around 10 o'clock, a bailiff jokingly said, 'I'm going up to get the cots.' A few minutes after 10:30 a bailiff went to the jury room to dismiss the jury and was informed that they had reached a decision. Defendants concede that the conduct of the bailiffs was free from any improper motive, but contend that it coerced the jury into returning a verdict to their prejudice. The jury was polled the following morning and none repudiated his verdict. The statements complained of should not have been made by the bailiffs, but we find nothing to support the claim of coercion of the jury and prejudice to the defendants."

Bailiffs are officers of the court and serve the court by acting under and pursuant to the direction of the trial judge. *Any inquiries* to the jury, such as in this case, should be made only if directed by the judge.

2. As his basis for the misconduct of the jury, appellant complains that the jury separated during their deliberations and that they were not kept together as required in NRS 16.120.[1]

[1]NRS 16.120. "Deliberation of jury; how and where conducted.

"1. After hearing the charge, the jury may either decide in court or retire for deliberation. If they retire, they shall be kept together in a room provided for them, or some other convenient place under charge of one or more officers, until they agree upon their verdict or are discharged by the court. The officer shall, to the utmost of his ability, keep the jury separate from other persons. He shall not suffer any communication to be made to them, or make any himself, unless by order of the court or judge, except to ask them if they have agreed upon their verdict; and he shall not, before the verdict is rendered, communicate to any person the state of their deliberations, or the verdict agreed upon.

"2. Each party to the action may appoint one or more persons, one of whom on each side shall be entitled to remain with the officer or officers in charge of the jury, and to be present at all times when any communication is had with the jury, or any individual member thereof, and no communication, either oral or written, shall be made to or received from the jurors, or any of them, except in the presence of and hearing of such persons so selected by the parties; and in case of a written communication, it shall not be delivered until read by them."

At one point during the jury's deliberations, the foreman and one of the jurors discussed the instructions given by the court. This discussion took place in a hall separating the two rooms which were used for the convenience and comfort of the ladies and gentlemen of the jury. The conversation was audible to the other jurors. It did not occur outside the jurors' quarters, and there is nothing in the record to show it improperly influenced the verdict of the jury.

3. Appellant next urges that the trial court failed to instruct the jury properly regarding the liability of Respondent D. I. Operating Co. Appellant's request for four additional instructions[2] was denied. This assignment of error has imposed a burden on this court which is not easily overcome. Appellant did not designate the transcript of the evidence as part of his record on appeal. Consequently, we do not know what, if anything, Respondent D. I. Operating Co. did or failed to do in controlling its employees. Further, appellant has failed to designate as part of the record on appeal the instructions that the trial judge did give, and as a result we are not advised as to the theory of liability in which the jury was instructed. No effort was made to utilize the provisions of NRCP 76.[3]

---

[2]PROPOSED INSTRUCTION C. "You are instructed that a hotel and casino operator may be held liable for the assaults of his servants committed while they are performing the duties they are employed to discharge. In short, there may arise duties from the relationship between the hotel and casino operator and the person assaulted by the employee which are absolute in character, imposing liability for assault committed by the employee regardless of the fact that it was made in furtherance of the servant's personal ends."

PROPOSED INSTRUCTION D. "You are instructed that in a hotel and casino operation, assaults by employees attempting to maintain order about the premises, although unjustified, may have been committed by such employees in the course and scope of their employment, since the amount of force required to quell disturbances or eject unruly patrons is one of discretion, and there is no excuse if excessive force has been used by such servants, even though the servant has been in part motivated by personal resentment or malice."

PROPOSED INSTRUCTION E. "If you find that the employee, Boyd Scott, was charged with the duty of maintaining order, quelling disturbances and protecting his employer's property, then you must find that his employer defendant, Desert Inn Operating Co., was responsible for his acts committed toward plaintiff in pursuance of such duties."

PROPOSED INSTRUCTION F. "An innkeeper or hotel and casino operator is under an obligation to protect its guests and business invitees from danger and harm when it is reasonably within its power to do so."

[3]NRCP 76. "RECORD ON APPEAL; AGREED STATEMENT
"When the questions presented by an appeal can be determined without an examination of all the pleadings, evidence, and proceedings

For these reasons, we are completely unable to decide whether the trial judge failed to instruct the jury properly.

Appellant's second motion for a new trial, based upon newly discovered evidence, was filed 44 days[4] after service of the entry of judgment. Appellant seeks to avoid the 10-day rule by proceeding under NRCP 60(b). This question was settled in Child v. George Miller, Inc., 74 Nev. 223, 225, 327 P.2d 342, 343 (1958), when this court said:

"Newly discovered evidence is a ground for a motion for new trial under Rule 59(a), but is not a ground for relief from judgment under Rule 60(b). In this respect our rule differs from the corresponding Federal Rule 60(b), 28 U.S.C.A., which allows relief from judgment upon the ground of newly discovered evidence, not discovered in time to move for a new trial. This departure from the federal rules was intentionally made in order to preserve the practice theretofore established under the Civil Practice Act. See Advisory Committee notes to NRCP 60(b)."

The orders of the trial judge denying appellant's motions for a new trial must be affirmed.

Affirmed.

THOMPSON, C. J., COLLINS and ZENOFF, JJ., and WILKES, D. J., concur.

---

in the court below, the parties may prepare and sign a statement of the case showing how the questions arose and were decided in the district court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the questions by the appellate court. The statement shall include a copy of the judgment appealed from, a copy of the notice of appeal with its filing date, and a concise statement of the points to be relied on by the appellant. If the statement conforms to the truth, it, together with such additions as the court may consider necessary fully to present the questions raised by the appeal, shall be approved by the district court and shall then be certified to the appellate court as the record on appeal."

[4]NRCP 59(b). "Time for Motion. A motion for a new trial shall be served not later than 10 days after service of written notice of the entry of the judgment."