ALVIN G. ALEXANDER AND SHIRLEY A. ALEXANDER, APPELLANTS, *v.* SYLVIA A. SIMMONS, RESPONDENT.

No. 7291

January 17, 1974                    518 P.2d 160

*M. Gene Matteucci,* of Las Vegas, for Appellants.

*Alan R. Johns,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Sylvia Simmons brought an action against the appellants for money damages allegedly resulting from the latter's failure to perform certain repairs on residential premises sold to her. Appellants alleged that an agreement dated February 21, 1970 explained the complete understanding of the parties and that the appellants had performed each and every covenant and condition on their part. Sylvia in turn denied that the written contract between the parties represented their entire agreement and claimed that she had relied upon oral representations of the appellants to her detriment.

The lower court admitted evidence of collateral oral agreements, found that they were relied upon to the detriment of the respondent and awarded damages accordingly.

1. The appellants now contend that the trial court erred in admitting evidence of the oral agreements. The case law is clear that the mere existence of a written contract is insufficient to prevent a party from showing a separate and independent contemporaneous oral agreement. Douglass v. Thompson, 35 Nev. 196, 127 P. 561 (1912). Undoubtedly the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. Seitz v. Brewers' Refrigerating Machine Co., 141 U.S. 510, 517 (1891).

2. We are unable to decide whether under the facts of this case the admission of parol evidence was erroneous because this

court has not been favored with a transcript of the proceedings in the district court, nor have the appellants submitted a settled and approved statement of the evidence or proceedings. Turner v. Staggs, 89 Nev. 230, 510 P.2d 879 (1973); NRAP 10(c)(e). There has been no showing by the appellants that the judgment of the trial court was clearly erroneous or that it was not based upon substantial evidence. B & C Enterprises v. Utter, 88 Nev. 433, 498 P.2d 1327 (1972).

Affirmed.