A. W. BLACKMAN, Executor of the Estate of MARY MIKULICH, Deceased; ANDREW J. MIKULICH; and WILLIS B. SMITH, Appellants, v. SEBASTIAN F. MIKULICH, Respondent.

No. 8164

April 15, 1976                              548 P.2d 645

*Raymond E. Sutton* and *Michael Schaefer,* Las Vegas, for Appellants.

*Dickerson, Miles & Pico,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting a preliminary injunction restraining the appellants from entering upon respondent's property and from damaging respondent's fence.

Appellants seek reversal on the grounds that the record below does not support the findings of the court that the injunction should issue and that the court abused its discretion in awarding respondent's counsel fees in the sum of $2,000, which award, appellants claim, is excessive.

The record has come before us on an agreed statement of facts. NRAP 10(e) provides that in lieu of an actual record of the proceedings the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided and setting forth only so many of the facts alleged and proved as are essential to a decision of the issues presented. The rule clearly provides that the statement must be approved by the district court.[1] The district court approval was not secured in the instant case. Therefore, the agreed statement is fatally defective. In Moore v. Cherry, 90 Nev. 390, 396, 528 P.2d 1018, 1022 (1974), we held:

"Appellants have attempted to file a statement of the evidence pursuant to the provisions of NRAP 10(c) (formerly NRCP 75(n)), but there is nothing to indicate that the statement was ever submitted to the district court for settlement and approval. We must therefore, because appellants failed to comply with NRAP 10(c) (formerly NRCP 75(n)), refuse to consider it as a part of the record on appeal."

---

[1]NRAP 10(e):

"(e) Agreed Statement as the Record on Appeal. In lieu of the record on appeal as defined in subdivision (a) of this rule, the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the district court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the issues presented. If the statement conforms to the truth, it, together with such additions as the court may consider necessary fully to present the issues raised by the appeal, shall be approved by the district court and shall then be certified to the Supreme Court as the record on appeal and transmitted thereto by the clerk of the district court within the time provided by Rule 11. Copies of the agreed statement may be filed as the appendix required by Rule 30."

As we said in Alexander v. Simmons, 90 Nev. 23, 518 P.2d 160 (1974), when this court is not favored with a transcript of the proceedings in the district court and the appellants have failed to submit a settled and approved statement of the evidence taken in the proceedings below, this court is not able to decide under the facts whether the judgment of the trial court was erroneous or that it was not based upon substantial evidence. In such a case, the judgment is affirmed.