RICHARD L. DALY, MAE ELLEN GEORGE AND PETER J. WEBBE, APPELLANTS, v. DEL E. WEBB CORPORATION, AN ARIZONA CORPORATION, RESPONDENT.

No. 11490

April 9, 1980                                        609 P.2d 319

*Jones, Jones, Bell, Close & Brown,* and *Roy E. Smith,* of Las Vegas, for Appellants.

*Lionel Sawyer & Collins,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from summary judgment for Del E. Webb Corporation in an action .commenced by that corporation to recover upon an unconditional written guaranty for the payment of a promissory .note.

On March 4, 1977, Aladdin Hotel Corporation executed a promissory note in favor of Del E. Webb Corporation in the amount of $1,000,000 to secure an extension of time to remedy a default on one of two prior notes.

Daly, George and Webbe, who were officers, directors and shareholders of Aladdin, concurrently gave their personal guaranty of the note. The note and guaranty were given pursuant to a written agreement between Aladdin and Webb under which two prior notes given by Aladdin in the sum of $1,250,000 were cancelled and the new $1,000,000 note issued. The two prior notes had been issued to Webb for the construction of two separate projects at the Aladdin Hotel. After default on one of the notes had occurred and following negotiations, the March 4, 1977, agreement was made.

Aladdin failed to make the final payment of $150,000 on the $1,000,000 note, which final payment was due in December 1977. When Daly, George and Webbe did not honor their guaranty, this action was commenced.

The guaranty given by Daly, George and Webbe was unconditional. They "unconditionally guaranteed payment in full." Moreover, they agreed to waive any defense that Aladdin might have to payment. Notwithstanding the unconditional nature of the guaranty, the guarantors assert that enforcement is barred by reason of an oral condition precedent, namely, that the guaranty would not take effect until certain roof repairs at the Aladdin Hotel were made. The oral agreement is asserted to have been established through the deposition testimony of one of the guarantors, Richard Daly, offered in opposition to the motion for summary judgment. That illusory testimony is quoted in the footnote below.[1] We do not now decide whether such testimony, if admissible, inferentially could establish an agreement between Del E. Webb Corporation and the guarantors to repair the Aladdin roof, and that such repair was a condition precedent to the effectiveness of the guaranty, thus precluding summary judgment. For reasons hereafter stated, we believe the deposition testimony of Daly inadmissible by reason of the parol evidence rule. Consequently, the record does not reveal the existence of a genuine issue of material fact, and we must, therefore, affirm the summary judgment entered below.

1. A guaranty is the undertaking to pay the debt at maturity if the principal does not pay. Randano v. Turk, 86 Nev. 123, 466 P.2d 218 (1970). The guaranty in the case at hand was, by its very terms, unconditional. The parol evidence rule forbids the reception of evidence which would vary or contradict the contract, since all prior negotiations and agreements are deemed to have been merged therein. Schieve v. Warren, 87 Nev. 42, 482 P.2d 303 (1971); Tallman v. First National Bank, 66 Nev. 248, 208 P.2d 302 (1949). It is apparent that the deposition testimony of Daly was tendered to change the guaranty from an unconditional obligation to a conditional one. Many years ago, we stated in Gage v. Phillips, 21 Nev. 150 (1891):

> When parties reduce their contract to writing, all oral negotiations and agreements are merged in the writing,

---

[1] Daly: "The time this was negotiated we were talking about the money we owed them, and we were talking about the problems and Dick Hynne and Mr. Komer from Del Webb assured us that they would take care of all these leaks, that would be done, and we by the notes assured Del Webb that we would pay them the money that we owed them."

and the instrument must be treated as containing the whole contract, and parol proof is not admissible to alter its terms, or to show that, instead of being absolute, as it purports to be, it was in reality conditional. . . . Id. 153.

It is thus apparent that the proffered Daly evidence is inadmissible unless it falls within an exception to the parol evidence rule.

2.   Our decision in Child v. Miller, 74 Nev. 223, 327 P.2d 342 (1958), allowed the reception of evidence which did not contradict the written instrument, but which referred to the very existence of the contract and tended to show that no valid and effective contract ever existed. The guarantors here argue that *Child* controls and that the Daly evidence is admissible.

In our view, the exception to the parol evidence rule recognized in *Child* has no application to the case before us. In *Child* there was no inconsistency or contradiction between the parol promise and the written release there in question. The oral promise concerned the effective date of the release, but did not purport to alter or vary its terms in any way. In such circumstances, the oral promise may be operative since the writing is not inconsistent. Restatement of Contracts § 241 (1932). In the case at hand, the tendered oral evidence of Daly purports to contradict the written guaranty by changing an unconditional obligation to a conditional one. This, the parol evidence rule forbids. The doctrine of *Child* clearly is inapposite.

3.   Other appellate contentions have been considered and are without merit.

Affirmed.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.