DENNIS McPHERRON, APPELLANT, v. JACK I. McAU-LIFFE, ADMINISTRATOR OF THE ESTATE OF ALVAR ALFRED NORGARD, DECEASED, RESPONDENT.

No. 11987

March 2, 1981                                    624 P.2d 21

*Fran Archuleta,* Reno, for Appellant.

*Sala & McAuliffe,* Reno, for Respondent.

---

[1]The Governor designated The Honorable William P. Beko, Judge of the Fifth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.

## OPINION

*Per Curiam:*

This appeal is from an order granting summary judgment quieting title to a parcel of real estate situated in Washoe County.

Two years after the death of respondent's predecessor in interest, respondent administrator filed his second amended complaint seeking to quiet title to the property, the subject of this action. Appellant answered the complaint and counterclaimed for relief; the counterclaims were dismissed by the lower court. Respondent filed a motion for summary judgment. Appellant's opposition included an affidavit of his attorney which asserted facts supporting his claim to superior title by adverse possession. The district court granted the motion;. we reverse and remand for trial.

Summary judgment may be granted when, as a matter of law, the moving party is entitled to judgment because there is no genuine issue as to any material fact. NRCP 56(c); Smith v. Hamilton, 70 Nev. 212, 265 P.2d 214 (1953). On appeal, the question is whether any genuine issue of fact was created by the pleadings and proof offered. Short v. Hotel Riveria, Inc., 79 Nev. 94, 378 P.2d 979 (1963). The existence of the elements which constitute adverse possession remain a question of fact. Bepple v. Reiman, 316 P.2d 452 (Wash. 1957).

We believe that material issues of fact are presented by the affidavits on file herein. Respondent contends that appellant came into possession of the subject property under the terms of a lease-option between the appellant and the respondent's predecessor in interest; and that therefore appellant, as a matter of law, may not challenge respondent's title to the property. *See* NRS 11.160. Respondent's motion is supported by numerous affidavits and exhibits tracing the abstract of the title in the property and the interest of the respective parties therein. However, respondent's own affidavit admits of the possibility of earlier possession. Such possession may negate the presumption in NRS 11.160, and may allow appellant to assert his claim of superior title. *See* Holzer v. Rhodes, 163 P.2d 811 (Wash. 1945); Strong v. Baldwin, 97 P. 178 (Cal. 1908). Without expressing any opinion as to whether or not appellant will be able to satisfy the elements required to prove adverse possession, we note, for instance, at the very least, the existence of

genuine issues of fact regarding the payment of taxes, the duration of possession, and whether or not the possession was hostile.

Because of the existence of such issues of fact, we must reverse the ruling of the lower court and remand for a full trial on the merits.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[1] concur.