GOLDEN PRESS, INC., a Corporation; WAYNE WARE-
   HOUSING CORPORATION, Appellants, v. PACIFIC
   FREEPORT WAREHOUSE COMPANY, a Nevada
   Corporation, Respondent.

No. 10987

March 27, 1981          625 P.2d 578

*Bissett & Logar,* Reno, for Appellants.

*Vargas, Bartlett & Dixon,* Reno, for Respondent.

## OPINION

By the Court, Gunderson, C. J.:

Respondent Pacific Freeport Warehouse Company brought
this action against appellants Golden Press, Inc., and Wayne

Warehousing Corp. (hereafter Golden Press), to recover money allegedly due to respondent under a contract for warehousing services. The district court entered a judgment in favor of respondent Pacific Freeport. Golden Press has appealed from the initial judgment, and from a subsequent order denying motions for a new trial and for modification of the judgment.

On appeal, the central issue is whether the district court erred in considering parol evidence that Golden Press had guaranteed Pacific Freeport a $2,800,000 yearly invoice volume. In our view the court did err, given the nature of the parties' agreement.

1. This court long ago stated:

> When parties reduce their contract to writing, all oral negotiations and agreements are merged in the writing, and the instrument must be treated as containing the whole contract, and parol proof is not admissible to alter its terms, or to show that, instead of being absolute, as it purports to be, it was in reality conditional, unless the party attacking the instrument can establish fraud or mistake in its execution.

Gage v. Phillips, 21 Nev. 150, at 153 (1891).[1]

Here, the parties reduced their contract to writing in the RATE SCHEDULE they executed on April 25, 1967. From its terms, the RATE SCHEDULE appears absolute. Pacific Freeport did not allege fraud or mistake in its complaint, and it proffered no proof of either fraud or mistake at trial. Therefore, under the rule articulated in *Gage,* and thereafter consistently followed by this court, the district court erred by allowing the shipping section of the parties' RATE SCHEDULE to be altered by parol proof.[2]

2. In Alexander v. Simmons, 90 Nev. 23, 518 P.2d 160 (1974) we declared that,

---

[1] In the past ninety years we have frequently reaffirmed this rule. *See, e.g.,* Daly v. Del E. Webb Corp., 96 Nev. 359, 609 P.2d 319 (1980); Widett v. Bond Estate, Inc., 79 Nev. 284, 286, 382 P.2d 212 (1963); Sims v. Grubb, 75 Nev. 173, 176–77, 336 P.2d 759 (1959); Tallman v. First Nat. Bank, 66 Nev. 248, 257, 208 P.2d 302 (1949); Chiquita M. Co. v. F. M. & Co., 60 Nev. 142, 153, 104 P.2d 191 (1940).

[2] The district court in effect did this by grounding its judgment on a finding that, ". . . plaintiff and defendants agreed that defendants would supply plaintiff a minimum volume of 2.8 million dollars for each year the contract was in existence." The RATE SCHEDULE's shipping section refers only to ". . . 6.3% of Invoice value up to $3,000,000 per calendar year . . ."

[t]he case law is clear that the mere existence of a written contract is insufficient to prevent a party from showing a separate and independent contemporaneous oral agreement. Douglass v. Thompson, 35 Nev. 196, 127 P. 561 (1912). *Undoubtedly the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them.*

*Id.,* at 24 (emphasis added).

Thus, under the rule in *Alexander,* a party may be permitted to prove the existence of a separate, independent and contemporaneous oral agreement by parol. However, such proof by parol may only be of matters on which the existing written agreement is silent, and the terms of the alleged oral agreement must be consistent with those of the written agreement. As noted above, the RATE SCHEDULE had a specific term which required Golden Press to pay "6.3% of Invoice value up to $3,000,000 per calendar year, etc." In our view, entertaining parol evidence to show an alleged $2,800,000 "guarantee" creates a fundamental inconsistency with the contract's explicit terms.

We therefore hold that in the circumstances of this case, where the parties had reduced their contract to writing, and no evidence of fraud or mistake was proffered, the district court erred in admitting parol evidence to alter the express term of the parties' RATE SCHEDULE.

Other assignments of error need not be considered.

Reversed and remanded.

MANOUKIAN, BATJER, and MOWBRAY, JJ., and CHRISTENSEN, D. J.,[3] concur.

---

[3]The Governor designated The Honorable Carl J. Christensen, Judge of the Eighth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const., art.6, § 4.