CROW–SPIEKER #23, A CO-PARTNERSHIP, APPELLANT, *v.* JOHN E. ROBINSON AND ROBERT L. HELMS CONSTRUCTION AND DEVELOPMENT CO., A NEVADA CORPORATION, AND ROBERT L. AND PAULINE HELMS, RESPONDENTS.

No. 12364

June 24, 1981                    629 P.2d 1198

*Stewart & Stewart, Ltd.,* Reno, for Appellant.

*Leslie B. Gray,* Reno, for Respondent John E. Robinson.

*Petersen & Petersen,* Reno, for Respondent Helms.

## OPINION

*Per Curiam:*

Appellant, Crow-Spieker #23 (hereinafter #23), filed suit against respondent seeking specific performance of an alleged right of first refusal extended to #23 by respondent Robinson. The lower court granted respondents' motion for summary judgment concluding that the parol evidence rule excluded the introduction of any evidence of consideration for the first right of refusal. Because we find that the parol evidence rule was improperly applied, we reverse.

### THE FACTS

In the early part of 1973, #23 and respondent Robinson entered into negotiations for the sale of a 24 acre parcel of land, Parcel A, which Robinson owned. During the negotiations, #23 repeatedly requested an option to purchase an adjacent parcel of land, Parcel B, which is the subject of this lawsuit. Robinson refused to grant #23 the option. The parties eventually reached an accord on the sale of Parcel A. On May

11, 1973, Robinson sent #23 a copy of the proposed agreement, dated May 15, 1973, and which was signed by the two parties; nowhere in the agreement is there any mention of Parcel B. The contested right of first refusal regarding Parcel B was contained in the cover letter dated May 11, 1973 accompanying the agreement on Parcel A.[1]

From 1973 to 1978, Robinson and #23 corresponded in a series of letters which recognized the existence of the right of first refusal in Parcel B. However, Robinson did not wish to sell the parcel until 1978. At that time, #23 and Robinson entered into negotiations for the purchase by #23 of a larger parcel of property which included Parcel B. However, the agreement to purchase was never finalized. In August, 1978, Robinson contracted with respondent Helms for the purchase of the larger parcel, including Parcel B. Robinson informed #23 that if #23 wished to purchase the larger acreage for the price Helms was willing to pay, #23 could do so. #23 purportedly attempted to exercise the right of first refusal on Parcel B. Robinson, however, conveyed the acreage to Helms.

#23 filed suit for specific performance of the right of first refusal. Respondents' motions for summary judgment were based principally on an alleged lack of consideration to support the right of first refusal. The lower court determined that while evidence of consideration existed,[2] it could not be considered because of the parol evidence rule.[3]

---

[1]The letter states:

"As I stated in our telephone conversation on May 3, if and when we decide to sell the parcel of land south of Parcel A, between Kleppe Lane and Greg Street, you shall have the first opportunity to purchase the same for the price for, and subject to the terms under, which we are willing to sell the same; or if we receive a bona fide offer for said parcel which is acceptable to us, from another party, you shall have the first opportunity to purchase the same for the price offered by the other party and subject to the same terms as contained in such offer. This is of course conditioned on there being no defaults on your part under the terms of the enclosed agreement for the purchase of Parcel A."

[2]The trial judge in his written decision ruled in part:

"Clearly no consideration is mentioned in this letter. Whether the parties orally agreed it was all to be part of the same contract is a question of fact. Viewing this issue in the light most favorable to the plaintiff in this case shows by his affidavit that they intended the consideration for Parcel A also covered the right of first refusal. In the affidavit of Warren E. Spieker, Jr. dated September 19, 1979, Spieker stated that in the May 3, 1973, telephone conversation Spieker agreed to a right of first refusal on Parcel B and Robinson insisted it be conditioned on there being no defaults in the purchase of Parcel A. This appears to be sufficient evidence to show an oral agreement as to Parcel B being part of the consideration for Parcel A."

[3]The trial judge in his written decision ruled in part:

"The plaintiff is precluded by law from presenting any evidence of the

## PAROL EVIDENCE RULE

Recently, in Daly v. Del E. Webb Corp., 96 Nev. 359, 361, 609 P.2d 319, 320 (1980), we restated the reason for the parol evidence rule: "The parol evidence rule forbids the reception of evidence which would vary or contradict the contract, since all prior negotiations and agreements are deemed to have been merged therein." If the terms of an agreement are clear, definite and unambiguous, parol evidence may not be introduced to vary those terms. E. A. Strout Western Realty Agency, Inc. v. Broderick, 522 P.2d 144 (Utah 1974). However, "the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol." Alexander v. Simmons, 90 Nev. 23, 24, 518 P.2d 160, 161 (1974).

The trial court erred in applying the parol evidence rule. The alleged right of first refusal, evidenced by the cover letter of May 11, 1973, did not affect the sale of Parcel A: it did not contradict any terms in that contract, and the Parcel A contract was silent as to any agreement for a future sale of Parcel B.

The decision below was predicated on a misapplication of the parol evidence rule. The order granting summary judgment is therefore reversed, and the cause is remanded for further proceedings.

prior agreement (right of first refusal on Parcel B) because it would materially alter the terms of the written contract (for the purchase of Parcel A). Without such proof there is no consideration for the right of first refusal and it is, therefore, unenforceable.