ALBERT V. CASAROTTO and DOMINICK GULLO, Appellants, v. CARL MORTENSEN, Respondent.

No. 13916

May 19, 1983                          663 P.2d 352

*Wiener, Waldman & Gordon,* and *Bradley J. Richardson,* Las Vegas, for Appellants.

*L. Earl Hawley,* and *Robert J. Handfuss,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a grant of summary judgment. Because material issues of fact were before the lower court, we reverse.

In June, 1980, Casgul of Nevada, Inc. (Casgul), a Nevada corporation of which appellants are officers, purchased the Nashville Nevada Club from respondent. As part of this transaction, appellants executed an unsecured promissory note to respondent for $150,000.00 at 17 percent interest on behalf of the corporation. Appellants also signed the note individually as cosigners. By its terms, payment on the note was due September 14, 1980.

On September 9, 1980, another agreement was entered into under which "[w]e, the undersigned" agreed to pay respondent $75,000.00 as partial payment on "the $150,000.00 note due September 15, 1980. . . ." A payment schedule was recited in order for "the balance ($75,000.00) of this note" to be paid in full. That agreement, which apparently was connected to other arrangements between the parties, indicated that the rate of interest was to be "whatever rate Mr. Mortensen pays the bank." The agreement was signed by "Casgul of Nevada, Inc., Al Casarotto, President, Nick Gullo, Treasurer."

Respondent later sued appellants as individuals for $75,000.00 under the terms of the note signed in June, 1980. Appellants asserted as an affirmative defense that the September, 1980 agreement replaced the June note, effecting an accord and satisfaction. Appellants also asserted that their individual liability was extinguished under the new note. Prior to the hearing on respondent's motion for summary judgment, the court received affidavits from both sides which alternatively characterized the September agreement as an "extension agreement"

and a "new note." Nonetheless, the court granted summary judgment for respondent.

Under our rules, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." NRCP 56(c). Where an issue of material fact exists, summary judgment should not be granted. McPherron v. McAuliffe, 97 Nev. 78, 624 P.2d 21 (1981).

Here, the June, 1980 note and September, 1980 agreement, when read together, are not clear and unambiguous. Conflicting evidence regarding the parties' intent upon entering into the agreements was before the lower court at the hearing on respondent's motion for summary judgment. Material issues of fact were presented to the court. In view of this, the grant of summary judgment was improper.

Because of the existence of such issues of fact, we reverse the ruling of the lower court and remand for a full trial on the merits.