TORE, LTD., Appellant, *v.* HERBERT
R. CHURCH, JR., Respondent.

No. 18775

April 25, 1989                                   772 P.2d 1281

184

*Swafford, Hoffman, Test and Dickey,* Reno, for Appellant.

*Robison, Belaustegui & Robb,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from summary judgment granted pursuant to NRCP 56(c). Appellant Tore, Ltd. (Tore) alleged below that respondent Herbert R. Church, Jr. orally promised to answer for the obligations of a newly-formed corporation Church had been instrumental in organizing. The new corporation, Hobby Towne, Inc., entered into a lease agreement with Tore which the corporation subsequently breached. Church moved for summary judgment, arguing that even assuming he made an oral promise, under the Nevada Statute of Frauds, NRS 111.220(2),[1] enforceable promises to answer for the debt, performance or obligations of another must be in writing. After reviewing the pleadings and evidence, the district court granted Church's motion. On appeal,

---

[1]NRS 111.220 provides in pertinent part:

In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof expressing the consideration, be in writing, and subscribed by the party charged therewith:

. . . .

2. Every special promise to answer for the debt, default or miscarriage of another.

Tore's primary contention is that genuine issues of material fact remain unresolved. For reasons discussed below, we reverse.

On April 14, 1975, Church entered into an agreement with Tore to lease certain commercial property. The lease was to run for ten years with an option to extend it for another five years. After executing the lease agreement, Church entered the premises and began operating a business under the name "Hobby Towne."

Almost ten years later, Church incorporated Hobby Towne. Church became a Hobby Towne shareholder and corporate vice-president and Brett L. Jensen, not a party to this appeal, became corporate president. Subsequent to Hobby Towne's incorporation, Church sought to exercise the lease option and extend the lease term. Alice Jacobsen, Tore vice-president and general manager, swore that Church communicated his intention to extend the lease but requested that Hobby Towne, Inc. be substituted as lessee. She further averred that Tore agreed to this on condition that Church and Jensen be individually responsible for the corporation's lease obligations. Jacobsen maintained that Church and Jensen agreed and that Church's attorney revised the lease document to reflect the changes. The lease extension agreement was executed by Jensen as president and Church as vice-president on April 17, 1985. Additionally, the signatures of Church and Jensen appear individually on the lease extension agreement signature page with no accompanying explanation.

On April 29, 1985, Church sold his Hobby Towne stock to Jensen. Subsequently, Hobby Towne defaulted on the lease extension agreement. As a result, Tore brought an action against Hobby Towne, Inc., Jensen and Church. Church responded and denied promising to answer for Hobby Towne's performance under the lease. Additionally, Church moved for summary judgment, contending that even assuming an oral guaranty, under the statute of frauds, the promise had to be in writing and a sufficient writing did not exist. The district court agreed with Church and granted his motion. This appeal followed.

As a preliminary matter, it is important to note that we review orders granting summary judgment *de novo*. In other words, the question on appeal is whether any genuine issues of fact were created by the pleadings and proof offered below. McPherron v. McAuliffe, 97 Nev. 78, 79, 624 P.2d 21, 21 (1981). Furthermore, evidence is reviewed in a light most favorable to the party against whom summary judgment was entered. Tschabold v. Orlando, 103 Nev. 224, 225, 737 P.2d 506, 507 (1987).

Turning to the merits and reviewing the evidence in a light most favorable to Tore, we conclude that genuine issues of fact remain unresolved. First, the question of whether Church prom-

ised to guaranty Hobby Towne's lease extension agreement obligations remains unanswered. In making this determination, parol evidence is admissible. Specifically, "the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol." Crow-Spieker #23 v. Robinson, 97 Nev. 302, 305, 629 P.2d 1198, 1199 (1981) (quoting Alexander v. Simmons, 90 Nev. 23, 24, 518 P.2d 160, 161 (1974)).

In this case, the lease extension agreement is silent as to any guaranty of Hobby Towne, Inc.'s lease obligations. Given this silence, it follows that a separate oral guaranty would not contradict the lease extension agreement terms. *Cf.* Golden Press, Inc. v. Pac. Freeport Warehouse, 97 Nev. 163, 625 P.2d 578 (1981) (where parties had reduced contract to writing, district court erred in admitting parol evidence to show alleged guaranty which altered the express terms of the contract).

Second, assuming the existence of a guaranty promise, the question of whether the promise necessitates a writing under NRS 111.220 remains undetermined. Specifically, the "main purpose," "original promise" or "leading object" doctrine constitutes an exception to the statute of frauds. As the United States Supreme Court explained almost a century ago, if the alleged guarantor has a personal, immediate and pecuniary interest in the underlying transaction in which a third party is the original obligor, courts should give effect to the guarantor's oral promise. Davis v. Patrick, 141 U.S. 479, 488 (1891). Since *Davis,* the doctrine has gained widespread approval. *See, e.g.,* Merdes v. Underwood, 742 P.2d 245, 251-252 (Alaska 1987); Frei v. Hamilton, 601 P.2d 307, 310 (Ariz.App. 1979); Merritt v. J.A. Stafford Co., 440 P.2d 927, 932 (Cal. 1968); James D. Swoish, Inc. v. Panda Foods, Inc., 639 P.2d 426, 428 (Haw.App. 1982); Ricci v. Reed, 523 N.E.2d 1218, 1221 (Ill.App. 1988); Graybar Elec. Co. v. Sawyer, 485 A.2d 1384, 1389–1391 (Me. 1985); Esselman v. Production Credit Ass'n, 380 N.W.2d 183, 187 (Minn.Ct.App. 1986); Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc., 505 P.2d 867, 881 (N.M. 1972); White Stag Mfg. Co. v. Wind Surfing, Inc., 679 P.2d 312, 316 (Or.App. 1984); Morrison-Knudsen Co., Inc. v. Hite Crane & Rigging, Inc., 678 P.2d 346, 348-349 (Wash.App. 1984); Restatement (Second) of Contracts § 116 (1969).

Focusing on the Statute of Frauds, the *Davis* court explains the rationale for the exception as follows:

> The purpose of this provision was not to effectuate, but to prevent, wrong. It does not apply to promises in respect to debts created at the instance and for the benefit of the

promisor, but only to those by which the debt of one party is sought to be charged upon and collected from another. The reason of the statute is obvious, for in the one case if there be any conflict between the parties as to the exact terms of the promise, the courts can see that justice is done by charging against the promisor the reasonable value of that in respect to which the promise was made, while in the other case, and when a third party is the real debtor, and the party alone receiving benefit, it is impossible to solve the conflict of memory or testimony in any manner certain to accomplish justice.

141 U.S. at 487. The Oregon Court of Appeals further explains, "[t]he doctrine is applied when the pecuniary interests of a promisor in a commercial context replace the gratuitous elements often present in suretyship. It eliminates the need for the evidentiary safeguards provided by the writing requirement of the Statute of Frauds." *White Stag Manufacturing Co.*, 679 P.2d at 316. Finally, as observed by the court in *Graybar Electric Co.*, 485 A.2d at 1389, the section of the Statute of Frauds pertaining to special promises to answer for the debt of another has "long been subject to an exception in a case where the promisor's main purpose in making his promise is to secure some benefit for himself."

An application of *Davis* and its progeny to the facts of this case reveals evidence that may support a claim against Church. Consequently, it was error to grant summary judgment.

Based upon the foregoing, we reverse the summary judgment and remand to the district court for a trial on the merits focusing primarily on the questions of whether Church promised to guaranty Hobby Towne's obligations under the lease extension agreement, and if so, whether such promise was given for Church's personal, immediate and pecuniary interest.[2]

---

[2]In view of our ruling, we decline to consider Tore's contention that the district court erred in granting summary judgment without an oral hearing.