PAUL VERMEF, Appellant, *v.* CITY OF BOULDER CITY, Respondent.

No. 39559

December 16, 2003                                                80 P.3d 445

*Nersesian & Sankiewicz* and *Robert A. Nersesian* and *Thea Marie Sankiewicz,* Las Vegas, for Appellant.

---

*Skinner Sutton Watson & Rounds* and *Gloria M. Howryla, Rachel M. Lewis,* and *Kelly G. Watson,* Las Vegas, for Respondent.

Before BECKER, SHEARING and GIBBONS, JJ.

## OPINION

*Per Curiam:*

In 1997, extensive flooding occurred in Boulder City, resulting in Boulder City and the State of Nevada declaring a state of emergency. Appellant Paul Vermef claims that his property flooded during the 1997 floods and that the floodwaters caused damage to his front yard, driveway, and garage. Vermef filed a complaint against respondent City of Boulder City, alleging that faulty construction of the drainage channel adjacent to his residence was the proximate cause of the flooding.

Boulder City filed a motion for summary judgment, contending that it is immune from liability under NRS 414.110, as interpreted

by this court in *Nylund v. Carson City.*[1] According to Boulder City, the *Nylund* court interpreted NRS 414.110 to grant immunity to municipalities for pre-emergency negligence, as well as emergency management activities.[2] Vermef opposed the motion for summary judgment, explaining that NRS 414.110 is inapplicable because Boulder City's installation of the drainage channel did not occur during an emergency and did not comply with its own flood plan. The district court granted Boulder City's motion for summary judgment, concluding that Boulder City was entitled to governmental immunity under NRS 414.110 and this court's decision in *Nylund.*

This court's review of an order granting summary judgment is de novo.[3] Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions, and affidavits on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.[4] "A genuine issue of material fact is one where the evidence is such that a reasonable jury could return a verdict for the non-moving party."[5]

NRS 414.110(1) immunizes government entities from liability arising out of emergency management activities:

> All functions under this chapter and all other activities relating to emergency management are hereby declared to be governmental functions. Neither the state nor any political subdivision thereof nor other agencies of the state or political subdivision thereof . . . is liable for the death of or injury to persons, or for damage to property, as a result of any such activity.

In *Nylund,* this court considered the scope of statutory immunity granted to governmental entities for emergency management activities.[6] In particular, *Nylund* determined "whether a government entity can claim immunity under [NRS 414.110] for its pre-

---

[1]117 Nev. 913, 34 P.3d 578 (2001).

[2]Below, Boulder City only raised the issue of whether NRS 414.110 immunized it from suit in these specific circumstances. Therefore, we do not consider whether Vermef has established, as he must, that Boulder City's construction of the flood channel caused his property to be flooded, as opposed to the failure of Boulder City to prevent the flooding.

[3]*Tore, Ltd. v. Church,* 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989).

[4]NRCP 56(c); *see also Great American Ins. v. General Builders*, 113 Nev. 346, 350-51, 934 P.2d 257, 260 (1997).

[5]*Posadas v. City of Reno,* 109 Nev. 448, 452, 851 P.2d 438, 441-42 (1993).

[6]*See generally Nylund,* 117 Nev. at 913, 34 P.3d at 578.

emergency negligence that contributed to damage caused by later emergency management activities."[7]

*Nylund* involved a flood in Carson City during the winter of 1996-1997.[8] Carson City's manager declared an emergency and requested State assistance.[9] Carson City employees determined that the best way to control the floodwaters was to channel the water down East Fifth Street.[10] However, on January 1, 1997, the floodwaters on East Fifth Street overflowed storm drains and flooded the Nylunds' condominium.[11] The Nylunds sued Carson City for the damage to their condominium.[12] According to them, design defects in the storm drain system and Carson City's decision to channel the waters down East Fifth Street caused the flooding on their property.[13]

In affirming the district court's grant of summary judgment on Carson City's behalf, we broadly construed NRS 414.110 "to cover not only negligent emergency management, but also any previous negligence that contributed to the damage caused by the emergency management activities" (*i.e.,* any negligent pre-flood design, operation, or maintenance activities that are causally related to damage caused by the emergency management activities).[14] We reasoned that this interpretation was a "natural extension of the policy underlying NRS 414.110. Because emergencies are sudden and unexpected, the response authority does not have time to assess whether unknown or unforeseen obstacles created by past negligence will hinder its course of action."[15]

We take this opportunity to clarify our opinion in *Nylund*. *Nylund* affords immunity to government entities for negligent emergency management and for pre-emergency negligence that contributed to the damage caused by the emergency management activities.[16] Therefore, a government entity is afforded immunity for pre-emergency negligence when the damage caused by the negligent emergency management was exacerbated by the pre-emergency negligence.[17]

---

[7]*Id.* at 916, 34 P.3d at 581.

[8]*Id.* at 914, 34 P.3d at 579.

[9]*Id.*

[10]*Id.*

[11]*Id.*

[12]*Id.* at 914-15, 34 P.3d at 580.

[13]*Id.* at 915, 34 P.3d at 580.

[14]*Id.* at 917, 34 P.3d at 581.

[15]*Id.*

[16]*Id.*

[17]*See id.*

A government entity, however, is not immune from liability for its pre-emergency negligence that is not intertwined with damage caused by later negligent emergency management activities. The purpose of NRS 414.110 is to grant immunity to government entities for actions taken during a sudden and unforeseen crisis.[18] In *Nylund,* this court explained that immunity is granted for negligent emergency management activities because in ·''an emergency, the government entity leading the response operation does not have time to deliberate and chart a course calculated to provide the customary degree of due care.''[19] To grant immunity for pre-emergency negligence, which is wholly independent from negligent emergency management, would not comport with the policy underlying NRS 414.110.

In this case, although the damage to Vermef's property occurred during an emergency, it was not a result of negligent emergency management on Boulder City's part. Vermef does not allege that the damage to his property resulted from an emergency management decision; rather, Vermef asserts that the damage is due solely to pre-emergency installation of the drainage channel adjacent to his home. Boulder City's actions in this case resulted from on-going flood retention planning occurring within Clark County as a result of community growth and continued seasonal flooding within the Las Vegas Valley.

Therefore, we conclude that since Boulder City's allegedly negligent acts were not committed during or intertwined with emergency actions, Boulder City is not immune from liability under NRS 414.110. Consequently, the district court erred in granting summary judgment on Boulder City's behalf. We reverse the district court's order granting summary judgment on behalf of Boulder City and remand this matter for further proceedings.

---

[18]*Id.*

[19]*Id.*